(73 App. Div. 419.)

## CASHMAN v. LAWSON et al.

(Supreme Court, Appellate Division, First Department. June 13, 1902.)

1. PARTNERSHIP—ACTS OF PARTNER—CONTRACT OF EMPLOYMENT.

Defendants and Q. formed a partnership to lease and conduct a hotel, with the understanding that S. was to manage the same. Q., becoming dissatisfied with S., discharged him without the defendants' knowledge and assumed the management himself, in which acts defendants acquiesced when informed thereof. Q. employed plaintiff as steward and manager of the restaurant, and required him to deposit $1,000 for the faithful performance of his duties; the money to be returned on 30 days' notice. Plaintiff did not know of the partnership until after entering his employment, and on the decease of Q. and the giving of the required notice brought this action to recover the amount of the deposit. Held, that the defendants were liable to return the money; the hiring of plaintiff being binding on the firm, as within the scope of the business of the firm and the authority of Q.

2. SAME—ACTION AGAINST—EVIDENCE.

In an action against partners to recover money deposited with one of the firm on a contract of employment, evidence as to an agreement relative to the employment of another person, made prior to the copartnership agreement, and as a part thereof, was properly excluded, where defendants had acquiesced in the subsequent discharge of such person.

Appeal from trial term, New York county.

Action by John C. Cashman against Samuel Lawson and another. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before HATCH, McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Henry A. Foster, for appellants.
Stanley W. Dexter, for respondent.

HATCH, J. The plaintiff brings this action to recover the sum of $1,000, together with interest thereon, arising out of a deposit claimed to have been made by the plaintiff with John E. Quincy, deceased, to insure the faithful performance by the plaintiff of his duties as steward and manager of the Clarendon Hotel restaurant. It was undisputed that the plaintiff did in fact make a deposit with Quincy of the sum for which a recovery is asked; that he performed his duties properly, and became entitled to have the sum returned to him. It is the claim of the defendants that they are not liable to the plaintiff, as they did not know of the deposit of money with Quincy, and that they were not

bound thereby, and were under no liability whatever to the plaintiff on account thereof. The plaintiff claims to charge the defendants with liability for the money by reason of the existence of a copartnership between said defendants and Quincy.

It was disclosed by the evidence that on the 29th day of June, 1899, the defendants and Quincy entered into an agreement whereby Quincy was to procure the lease of the Clarendon Hotel, situated at the southeast corner of Eighteenth street and Fourth avenue, in the borough of Manhattan, for the purpose of conducting the business of a bachelor apartment house or hotel. The defendants agreed to contribute $3,000 in such sums as might be necessary to properly conduct the business on or before January 1, 1900. It was further provided that one George D. Smith should be the manager of the business. Provision was made for a division of the profits during the continuance of the lease and for the method and manner of terminating the agreement. The parties carried out the provisions of the agreement. Quincy procured the lease, and Lawson and Welch contributed the $3,000, and Smith entered upon the management of the hotel. Subsequently Quincy became dissatisfied with Smith's conduct of the business, and discharged him. This he did without the knowledge of his copartners. Subsequently Quincy informed them of what he had done, and that after the discharge of Smith he (Quincy) had assumed the management of the hotel and the business. Lawson and Welch acquiesced in what Quincy had done, and in his control and management of the business. Thereafter Quincy employed the plaintiff as steward and manager of the restaurant connected with the hotel, and under the agreement of employment required that the $1,000 should be deposited under the condition claimed by the plaintiff; such money to be returned to the plaintiff upon 30 days' notice being given of his intention to retire from his employment. Under these circumstances the plaintiff entered upon his duty and made the deposit as aforesaid. He was not aware at that time of the relation which existed between Quincy and the defendants, and only discovered it after Quincy died. He remained in his employ a short time after Quincy's death. Prior to that event, Quincy assigned the lease and all his title and interest in and to the same to Lawson and Welch, and after Quincy's death Lawson assumed the management of the hotel for himself and Welch. Prior to Quincy's death the plaintiff made a demand of him for a return of the money, and was referred by Quincy to Lawson, from whom he also made a demand for its return. The plaintiff testified that the defendants Lawson and Welch agreed to repay the money to him. These defendants denied this statement, claiming that when their attention was called thereto they denied liability therefor.

However this may be, it is undisputed that the plaintiff in fact gave the required notice of 30 days for a return of his money; that he remained for a short time in his employment after Quincy's death; that the money was not repaid to him, either by Quincy or the defendants; and that he has never received the same. We cannot doubt but that there existed between Quincy and Lawson and Welch a copartnership. The agreement is clear and explicit, and constituted such a relation.

It is well settled that each member of a firm is the general agent of the firm in relation to all of the business conducted by it, and can bind the firm by what he says and does within the scope of such business. Bank v. Bradner, 44 N. Y. 380; Bank v. Underhill, 102 N. Y. 336, 7 N. E. 293. The authority of Quincy to bind the firm did not depend upon the retention of Smith as manager of the hotel. He possessed authority as a partner to discharge Smith and assume the conduct of the business, and, whether he had such power or not, he assumed to exercise it, and the defendants acquiesced therein, and also in his conduct of the business. The employment of the plaintiff was for the purpose of the proper conduct of the business of the firm, bore direct relation thereto, and was the act of Quincy in and about the business carried on by the firm. It is clear, therefore, that his act bound all the members of the partnership, and the plaintiff could proceed against the members of the firm after discovering that such relation existed. By reason of the employment and the creation of the liability in favor of the plaintiff, they became liable to respond to him in fulfillment of the agreement which Quincy had made. The only difference between the plaintiff's present position and that in which he would be placed, had he contracted with the defendants as a firm, was to devolve upon him the burden of proving that a partnership relation existed between Quincy and the defendants, Lawson and Welch. Galway v. Nordlinger (Sup.) 4 N. Y. Supp. 649, affirmed on opinion below 121 N. Y. 699, 24 N. E. 1100. This burden the plaintiff has borne, and by the agreement such relation is established.

It is claimed that error was committed upon the trial in rejecting certain testimony offered by the defendants. The testimony which was excluded by the court bore upon the relation which existed between Quincy and the defendants and Smith prior to the execution of the copartnership agreement. We think the ruling which excluded this testimony was correct. It was not essential or necessary to explain the agreement, as that was clear and unambiguous. If it had been competent to prove that it was contemplated, and therefore required, that Smith should manage and conduct the hotel, as provided in the agreement, nevertheless, such fact, assuming it to exist, became entirely immaterial, as Welch testified that both he and Lawson were informed of the discharge of Smith by Quincy, and with such knowledge acquiesced therein and in Quincy's management of the hotel. Consequently the defendants could not be prejudiced by the exclusion of such testimony, as their liability is not made to depend upon such testimony, whatever it might disclose. The undisputed proof is of the management by Quincy of this hotel, to the knowledge and acquiescence of Lawson and Welch, and of the agreement which Quincy made with the plaintiff in the conduct of the business. This operated to establish liability against all of these persons as matter of law, within well-settled authority.

It follows that the judgment should be affirmed, with costs. All concur.