820

■ In the Matter of FRANK J. KELLY, Petitioner, against WATERFRONT COMMISSION OF NEW YORK HARBOR et al., Respondents.— Motion to dismiss proceeding granted, with $20 costs and disbursements to the respondents. Concur — Peck, P. J., Breitel, Frank, Valente and McNally, JJ.

■ IDA GOLAY v. JAMES STEPHENS.— Motion to dismiss appeal granted, with $10 costs. Concur — Peck, P. J., Breitel, Frank, Valente and McNally, JJ.

■ BERTHA H. MASSIE, on Behalf of Herself and All Other Stockholders of Textile Realty Corporation, Similarly Situated, v. TEXTILE REALTY CORPORATION et al.— Motion to dismiss appeal granted, with $10 costs. Concur — Peck, P. J., Breitel, Frank, Valente and McNally, JJ. [Same for six other actions with same title.]

(April 9, 1957)

■ IDA KAHN, Appellant, v. BENJAMIN KAHN, Respondent.

*Per Curiam.* After a trial without a jury, a judgment was entered in favor of plaintiff wife against her husband for one half of the amounts withdrawn by him from a joint bank account and in favor of the husband on his counterclaim. The judgment as to the counterclaim provides that the defendant is entitled to one half of the proceeds of the plaintiff's interest in a partnership existing between the plaintiff and another known as "Anida's" and directs the plaintiff to account to the defendant for the earnings and profits received by her to the extent of one half thereof from the institution of the partnership to the date of judgment.

The defendant's counterclaim alleged an agreement between the parties whereby in consideration of the defendant obtaining funds to enable plaintiff to finance her share of the Anida partnership, she agreed that he share equally in her interest and earnings. On the trial this theory was abandoned and the case was tried on the theory that the defendant was an undisclosed partner of the plaintiff as to her share in Anida. The burden of establishing the existence of this oral partnership by a fair preponderance of the credible evidence rests upon the defendant (*Smith* v. *Maine*, 145 Misc. 521). The defendant failed to meet this burden. As the record stands the proof at best from the point of view of defendant, is evenly balanced. We have the defendant's testimony as to the origin of the capital, the circumstances and operation of the shop and the conduct with respect to the plaintiff's share of the profits. All of this is denied by the plaintiff. In any event, the testimony relied on by the defendant does not spell out the requisite intent on the part of the parties to enter into a joint venture or a partnership (*Adamson* v. *Adamson,* 249 App. Div. 418; *Goldberg* v. *Goldberg,* 276 App. Div. 1084).

For the reasons indicated, the judgment should be modified to the extent of dismissing the defendant's counterclaim and in all other respects affirmed, without costs.

Breitel, J. P., Botein, Rabin, Valente and McNally, JJ., concur.

Judgment unanimously modified to the extent of dismissing the defendant's counterclaim and in all other respects affirmed, without costs. Settle order on notice.