Warren S. **TENNEY** and Judy E. Tenney, Plaintiffs,

v.

**INSURANCE COMPANY OF NORTH AMERICA, Defendant.**

No. 73 Civ. 2288.

United States District Court, S. D. New York.

Nov. 26, 1975.

Lester C. Migdal, Migdal, Tenney, Glass & Pollack, New York City, for plaintiffs.

Brady, Tarpey, Downey & Hoey, New York City, for defendant; Daniel F. Gaven, New York City, of counsel.

## MEMORANDUM DECISION

GAGLIARDI, District Judge.

Plaintiff Judy E. Tenney has brought this action for indemnification under a Personal Catastrophe Liability policy issued to her husband, co-plaintiff Warren S. Tenney, by the defendant Insurance Company of North America ("I.N.A."). The payments for which indemnification is sought were made in settlement of personal injury and wrongful death claims arising from a fire on February 26, 1969 at 595 Fifth Avenue, a commercial building, in Manhattan. The defendant has moved for summary judgment on the ground that the payments did not result from a legal obligation to pay damages because of personal injury and thus were not covered by the policy. Jurisdiction is based on diversity.

On October 25, 1967 a partnership certificate for Acruem Associates ("Acruem") was filed with the New York County Clerk's office listing as partners Herman Ackman, Harry Rubin and Allan D. Emil, the father of Judy Tenney and Arthur Emil. The following day Emil wrote a letter to his children and executed a formal assignment to them by which he transferred to each one-half of his 25% interest in Acruem.

The letter stated that although Emil was transferring his entire interest in the partnership, he would remain as a nominal partner acting solely as their nominee and would make all decisions with respect to the partnership and its property. Ackman and Rubin were informed of this arrangement prior to the formal execution of the partnership articles on October 30, 1967.

On October 27, 1967, Judy Tenney paid directly to the partnership her pro-rata share of the initial capital contribution. From time to time thereafter until the fire she made pro-rata payments required of partners as loans to the partnership, and she received income distributions from the partnership directly.

Following the fire in February 1969 numerous lawsuits were commenced against Acruem for damages far in excess of its liability coverage of $1,000,000. Eventually, these suits were settled for $2,270,000. Since Mrs. Tenney's interest was hidden from the various plaintiffs in these lawsuits, she was not named as a defendant. Nevertheless, she paid through her father $135,000 for the personal injury claims and $6,018 for legal fees as her pro-rata share of the settlement of Acruem's liabilities.

The policy issued to Warren Tenney insured both plaintiffs for any losses for which "they should become legally obligated to pay because of personal injury . . . ." The defendant contends that Judy Tenney was not a partner in Acruem and therefore had no legal obligation for personal injury liability. According to the defendant, her losses arose from a contractual agreement to reimburse her father for partnership losses.

■ Even assuming that the obligation is contractual, defendant's conten-

tion that it is not covered by the policy must be rejected. No language in the policy exempts from coverage a legal obligation for liability for personal injury because the obligation arises from a contractual relationship with a nominee rather than as a result of a direct suit against the insured. Here the personal injuries were clearly what triggered the plaintiff's liability. INA having drafted the policy and the language here being ambiguous, any doubts as to construction must be resolved in plaintiff's favor. *National Screen Service Co. v. United States Fidelity & Guaranty*, 364 F.2d 275 (2d Cir. 1966), *cert. denied*, 385 U.S. 958, 87 S.Ct. 394, 17 L.Ed.2d 304; *Lachs v. Fidelity & Casualty Co. of New York*, 306 N.Y. 357, 364, 118 N.E.2d 555 (1954). If the defendant intended the construction it now places in the policy, it could and should have explicitly so provided. Having failed to do so, it should not now be allowed to avoid responsibility on the ground that such liability was impliedly not covered.[1]

■ Even if the Court were to accept the defendant's narrow reading of the language of the policy, however, the motion for summary judgment would still fail because the facts outlined in the affidavits of the parties indicate that Judy Tenney was in fact a partner in Acruem and thus was directly liable for damage claims arising out of the fire. An examination of the relevant factors indicating the existence of a partnership shows that Judy Tenney's relation to Acruem at the time of the fire was that of a partner, even though her name was not listed in the filed business certificate.

■ In New York, as in most other states, there are several significant indicia of the existence of a partnership re-

---

1. In some cases insurance policies provide for a specific exclusion for liabilities for damages assumed under contracts. (*See O'Dowd v. American Surety Co. of New York*, 3 N.Y.2d 347, 165 N.Y.S.2d 458, 144 N.E.2d 359 (1957)). The Court sees no support in the statutory language of sections 46(13) and (14) of the New York Insurance Law for defendant's claim that in New York a personal liability policy as a matter of law excludes damages assumed by virtue of a contractual promise to indemnify. Furthermore, this is not a case in which the contractual obligation came into being after the liability arose or was likely to have arisen. There was no attempt to shift liability in order to take advantage of the policy coverage.

lationship among various owners of interests in a business venture. These include: (1) the pro-rata sharing of profits and losses of the enterprise, (2) the pro-rata contribution to the capital of the enterprise, (3) the joint ownership and interest in the enterprise's assets by all investors, (4) the intention of the parties that they be partners, and (5) the partners all having some voice in the management of the enterprise. 43 N.Y.Jur. Partnership §§ 30–41; 59 Am.Jur. Partnership §§ 39–47. Here, Mrs. Tenney clearly satisfies two of the most important prerequisites of being a partner in Acruem—she was legally entitled to share in the profits and obligated for the losses of the partnership, and she made a contribution to the partnership capital. Clearly she also had joint interests and beneficial ownership of the partnership with the other partners. Furthermore here the other two partners both knew that Emil had assigned his entire beneficial interest to his children. Therefore, there was no question that all members of the partnership were aware from its inception that Emil was merely a nominee for his two children who were the real parties in interest in his partnership share. Even though Emil retained his voice in the management of the partnership, he did so only as a nominee for Mrs. Tenney and her brother.

■ Having thus satisfied most of the criteria for being a partner, the question remains whether Mrs. Tenney's failure to record her partnership interest precluded her from being liable to third parties. A review of the applicable authorities reveals that it did not. Mrs. Tenney's interest in Acruem was that of a so-called dormant or secret partner who shares in the profits and losses of a partnership and whose interest is known to the other partners but is kept secret from the public at large. It is clear that under New York law such a partner is fully liable to third parties for any partnership obligations on the theory that a dormant partner should not be permitted secretly to share in the partnership profits without taking his share of the risks and bearing his share of the losses to third persons. *Chester v. Dickerson,* 54 N.Y. 1 (1873); *Cashman v. Lawson,* 73 App.Div. 419, 77 N.Y.S. 142 (1st Dep't 1902), *aff'd mem.,* 175 N.Y. 488, 67 N.E. 1081 (1903); *Galway v. Nordlinger,* 51 Hun. 639, 4 N.Y.S. 649 (1889), *aff'd without opinion,* 121 N.Y. 699, 24 N.E. 1100 (1890); 43 N.Y.Jur. Partnership § 135; 60 Am.Jur. Partnership § 159. Therefore, were her interest discovered, Mrs. Tenney could have been held directly liable to claimants injured in the fire at Acruem's building. Payments made by her to settle such claims thus were payments for damages for which she was legally obligated because of personal injury.

■ The only possible prejudice to the defendant caused by her failure to disclose publicly her partnership interest in Acruem is that it may not have been fully aware of the extent of her potential liabilities at the time it wrote the policy. There is no evidence at all, however, that the defendant in any way inquired of the plaintiff as to her property holdings before writing the policy, or that it would not have written the policy had it known of her interest in Acruem.

Defendant's motion for summary judgment is therefore denied.

So Ordered.