OPINION OF THE COURT
Oscar Murov, J.
The facts of this case illustrate all too well why parties should retain the services of legal counsel when they go into business for themselves.
During the latter part of 1977 while defendant was employed by plaintiff as a truckman, they discussed the prospect of opening a retail and wholesale produce business in a then vacant building at 99 Mill Road, Riverhead, New York, adjoining a building then leased by Mr. Hanlon. As a result of that conversation it was agreed that plaintiff would contact the owner of the building regarding the possibility of leasing the building. Negotiations proved successful and the building was rented. Early in February, 1978 both parties entered into an oral business agreement to open up a wholesale and retail produce outlet at the premises which included two buildings, a large refrigeration unit and packing facilities. The facility was to be named "Riverhead Food Terminal”.
As a result of their oral agreement plaintiff, a well-educated man with approximately 25 years’ experience in producing, selling and brokering agricultural produce primarily in eastern Suffolk County, assumed the responsibilities of (1) making the necessary alterations and improvements to convert the premises in which the terminal was to be housed into a suitable business premise, (2) acquiring all local and State government permits and licenses for operation of its business as well as the requisite insurance policies, and (3) controlling overall the internal operations of the business, including *172 hiring and supervising the store manager and sales personnel, opening and maintaining the business’ bank account and all other financial matters and handling the business’ promotional campaign. Defendant, a younger man with experience in the trucking and retailing of agricultural produce, assumed the responsibility for supplying the business with a supply of fresh produce which he would purchase at a market place and deliver to the premises and for which he would be reimbursed in full including cartage fees by Riverhead Food Terminal. The parties agreed to divide the profits of the association of their money, labor and skill.
The record reflects that on several occasions plaintiff tendered and defendant refused to accept a check in the amount of $4,273.75 in payment of produce that defendant supplied Riverhead Food Terminal. On each of these occasions the check was dishonored. On July 1, 1978, after personally borrowing funds plaintiff met with defendant at the Riverhead Food Terminal and personally tendered to defendant a certified check of the Riverhead Savings Bank in the amount of $4,273.75, which tendered check defendant refused to accept. Defendant thereupon informed plaintiff that he was taking over the business, an altercation ensued and defendant ejected plaintiff from the premises and threated him with bodily harm if he ever returned. Shortly thereafter plaintiff engaged legal counsel and returned with said counsel to the premises where his counsel tendered the certified check to defendant which defendant again refused to accept. Defendant thereupon stated to counsel if plaintiff returned to the premises he would suffer physical harm. Subsequently, counsel communicated with defendant’s attorney and again tendered the sum of $4,273.75 and demanded that plaintiff be permitted to share in the proceeds of the association. Said offer was refused.
Up to the present time, Riverhead Food Terminal has continuously operated as a business. Defendant has prevented plaintiff from entering upon the premises and has refused to comply with plaintiff’s demand that defendant render him a true and valid accounting of his interest in Riverhead Food Terminal. The record also reflects that at some time plaintiff broke into the premises and physically removed certain items of property.
 Much is made of the contention whether this association was a partnership or a joint venture. A partnership is an association of two or more persons to place their money, *173 efforts, labor or skill, or some or all of these in lawful commerce or business and to divide the profits and bear the loss in certain proportions (43 NY Jur, Partnerships, § 1). The fact that there is no written agreement of partnership is not conclusive in determining whether a partnership exists but it is an element to be taken into serious consideration in determining where the thrust of the controversy is. Where no partnership agreement is executed in writing by the parties, it must be determined from the testimony, from the conduct of the parties, and especially from the documentary evidence whether or not a partnership existed. The burden, of course, of establishing the existence of an oral partnership by a fair preponderance of the credible evidence rests upon the party claiming the partnership (Kahn v Kahn, 3 AD2d 820). It has further been held that an indispensable requirement of a partnership is a mutual promise or understanding of the parties to share in the profits of the business and submit to the burden of making good the losses. (Matter of Wells, 36 AD2d 471, affd 29 NY2d 931; Matter of Steinbeck v Gerosa, 4 NY2d 302.)
A joint venture, on the other hand, has been defined as a special combination of two or more persons where in some specific venture a profit is jointly sought without any actual partnership or corporate designation (32 NY Jur, Joint Adventure, § 1). The incidents of a joint adventure and the obligations of the members toward each other are in many respects so similar to those existing in a partnership that joint adventurers’ rights, duties, and liabilities are to be tested by rules closely analogous to and generally substantially the same as those which govern partnerships. It has been said that a joint venture is a limited partnership — not limited in a statutory sense as to liability, but as to scope and duration and thus one distinction between two forms of association is that a joint venture relates to a single transaction (though it may be considered a business to be continued over several years), while a partnership relates to a general business of a particular kind (32 NY Jur, Joint Adventure, § 3).
 Where a partnership relation and interest are asserted, the element of a partnership must be shown but this is not required where only a joint venture is claimed. Insofar as the right to an accounting and concomitant relief is concerned, it is enough that the parties stand in a mutual and confidential relationship to each other and have a joint inter *174 est in the result of the venture. (Schantz v Oakman, 163 NY 148; Mariani v Summers, 3 Misc 2d 534.) The ultimate inquiry is whether the parties have so joined their property interest, skills and risks that for the purpose of the particular adventure their respective contributions have become as one and the commingled properties and interest of the parties have thereby been made subject to each of the associates on the trust and inducement that each would act for their joint benefit (Hasday v Borocas, 10 Misc 2d 22) and the present case does reveal such an analogon of property or interests as would create at least a joint venture. The record is sparse, however, on whether there was an agreement that each party should share the burden of losses. One thing is emphatically clear! No matter what form of nomenclature is used plaintiff is entitled to equitable relief in the form of accounting although also it must be made clear that plaintiff "has not come to this court with the cleanest of hands himself’. Nevertheless, both parties are seeking equitable relief and thus a court of equity must do equity. In so doing, the court notes that both parties have retained the services of two very competent law firms and have been put to the rigors, time and expense of litigation. The court could very well refer this matter to a Referee for the purpose of taking an accounting from both parties and if one of the parties were to decide not to co-operate, consider an account stated by the other party (see Mariani v Summers, infra). An immediate result of this would be more expense, time and tedium.
Accordingly, in the interest of equitably and beneficially resolving this matter, the court sets this matter for a conference at my chambers at 152 West Hoffman Avenue, Lindenhurst, New York, on Thursday, December 20, 1979, at 3:00 P.M.
So ordered.