**In re Noble P. ASHLINE, Beverly J. Ashline, Debtors.**

**Bankruptcy No. 82 01277.**

United States Bankruptcy Court, N.D. New York.

Feb. 3, 1984.

---

Jay H. Ledden, Fulton, N.Y., for debtors.

Vicki G. Cheikes, Trial Atty., Tax Div., Dept. of Justice, Washington, D.C., for the IRS.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

LEON J. MARKETOS, Bankruptcy Judge.

The issue presented herein is whether a business partnership existed between Noble Ashline (hereinafter, Debtor) and Edward Guthrie (hereinafter, Guthrie) during 1979 and 1980. On August 27, 1982, the Debtor and his spouse, Beverly Ashline, filed a joint petition pursuant to Chapter 13, Title 11, U.S.C. (hereinafter, the Code). Subsequent thereto, the Internal Revenue Service (hereinafter, the IRS) filed a proof of claim for unpaid withholding and social security taxes in the amount of $65,763.23, plus a claim of penalties in the amount of $500.00. On October 21, 1982, the Debtor filed a motion for an adjudication and discharge of Federal Tax Liens.[1] The IRS filed an objection on November 15, 1982 to the Debtor's motion, claiming the Debtor was a partner in a business concern called "Noble-Ed Construction" (hereinafter, the Business) with Guthrie during the years of 1979 and 1980. The Debtor asserts, on the contrary, that he was only an employee and not a partner of the Business.

---

1. The Debtor's motion also requested the Court to discharge liens held by the New York State Department of Labor and the New York State Tax Commission. The Court makes no determination at this time in regard to these liens.

A hearing was held on September 23, 1983, to permit the parties herein to submit evidence in regard to the question whether the Debtor was a partner in the Business.

It is the position of the IRS that, although no certificate of partnership was ever filed, the Debtor was a partner in the Business, and, therefore, is liable for unpaid tax debts incurred by the Business during the years in question. At the hearing, the IRS submitted the following documentary evidence:

1. Federal Partnership Tax Returns signed by both the Debtor and Guthrie filed for the tax years of 1979 and 1980, listing the Debtor and Guthrie as equal partners;

2. Personal income tax returns which were filed for the tax years 1979 and 1980 by the Debtor claiming $4,331.00 partnership income received from "Edward M. Guthrie & Noble P. Ashline partners";

3. Form 433–B "Collection Information Statement for Businesses" signed under oath in which the Debtor certified that he held a 50% interest in the Business.

In addition, the IRS proffered the following testimony:

1. The Debtor testified and admitted that during the years in question, he held a joint checking account with Guthrie wherein he was authorized by Guthrie to pay employee salaries and other job related costs, such as petty cash allocations;

2. Testimony of the Debtor which established that the partnership address was that of the Debtor's personal residence;

3. Testimony of two prior employees of the Business, which, in essence, provided they thought the Business was operated by the Debtor and Guthrie. Further, there was testimony to suggest that Guthrie knew more in regard to the actual operations of the Business and that Guthrie actually hired each of the employees who testified. In addition, in response to cross examination by the Debtor's attorney, one of the employees stated that the Debtor and Guthrie "called each other partners";

4. Testimony of Guthrie whereby he provided that he and the Debtor agreed to commence a partnership in January of 1979 although no official papers were ever drawn up. Further, he stated that each party received the same salary of $400.00 per week and that the Debtor needed no authority to draw checks on the joint checking account for the Business. Moreover, Guthrie testified that the Debtor contributed $1,200.00 to the Business for an insurance certificate which was required in order to commence business operations. In addition, he stated that two vehicles were used in the Business and that each party owned one of them.

Finally, the IRS asserts that the Debtor's 1979–1980 personal tax returns, submitted as evidence, establish that the Debtor was not an employee, as no federal employment taxes were withheld from the Debtor's salary, although it is alleged that these taxes were withheld from other employees of the Business.

It is the position of the Debtor that he was not a partner, but was actually an employee hired as a foreman to supervise and ensure completion of certain construction jobs. The Debtor testified that although the parties discussed a possible partnership, said discussions never materialized into a partnership agreement. The Debtor adamantly asserted that no agreement was ever entered into in regard to the establishment of a partnership.

In regard to the signed Federal Partnership Returns submitted as evidence by the IRS, the Debtor explained that when the forms were originally filed, said returns were not signed by him, but rather, they were signed only by Guthrie. Some time thereafter, the Debtor stated, the IRS summoned him to appear at the IRS office in Syracuse, New York, where he was pressured into signing the forms at the insistence of the IRS examiner. The Debtor testified that he signed the forms under protest and because he feared the consequences of not signing. Included among the forms signed at the IRS office was the certified affidavit (Form 433–B) previously discussed, *supra.* Further, the Debtor testi-

fied that Guthrie's son was the bookkeeper for the Business and that it was Guthrie's son who filed and prepared the Partnership Tax forms. Furthermore, the Debtor claimed he did not assist in the preparation of these returns.

The Debtor stated that he paid Guthrie's son $35.00 to prepare the forms for the Debtor's personal tax return for the years in issue. The Debtor testified that he signed the tax forms without reading them.

In regard to the joint checking account held by the parties, the Debtor testified that said account was set up as a matter of convenience for Guthrie as the Business encompassed numerous ongoing jobs located throughout the Northern New York region. Consequently, as Guthrie could not travel to all sites daily, the Debtor was authorized to pay employee salaries and other job related expenses as part of his overall duties as site foreman. On cross examination by the IRS, the Debtor admitted that, on occasion he drew a check for personal reasons.[2]

The Debtor's testimony explained that Guthrie asked the Debtor if the Business could use his residence address for its correspondence as Guthrie possessed only a post office box. The Debtor testified that he acquiesced in said request as a personal favor to Guthrie. In regard to the testimony of the two prior employees, the Debtor stated that although he did represent himself as a "boss" to the employees, he did not represent himself as a "partner" with Guthrie. Moreover, he provided that Guthrie authorized him to hire and fire employees of the Business.

The Debtor further testified that all vehicles used by the Business were owned by Guthrie. He also submitted documentary evidence to establish that checks received as payment for work performed by the Business were drawn to Guthrie individually and that no reference to the alleged partnership appeared on the face of the checks.

Guthrie testified in response to cross examination that only his signature was in-

cluded on all sealed construction bids submitted on behalf of the Business and further, that all insurance policies used in the Business were held in his name only.

Subsequent to the hearing, both parties submitted memoranda in support of their respective positions. Besides what was argued at the hearing, the Debtor contends that in the absence of some type of written partnership agreement, the evidence submitted by the IRS is insufficient to demonstrate the existence of the alleged partnership arrangement. The IRS essentially reiterates what was stated at the hearing and, in addition, alleged that the absence of a written partnership agreement is not conclusive in regard to establishing the partnership. The IRS asserts that based on all the evidence submitted at the hearing, the existence of the partnership has been adequately demonstrated. Finally, the IRS contends the fact that Guthrie conducted part of the Business aspects in his sole name only, is not relevant to the instant question.

## DISCUSSION

Code § 502(a) and Bankruptcy Rule 3001(f) establish that a proof of claim properly filed under Code § 501 constitutes prima facie evidence of the validity and amount of the claim unless a party in interest objects. The party who objects has "the burden of going forward with the evidence on the issue concerning his view of the validity and the amount of the claim." 3 Collier on Bankruptcy ¶ 502.01 at 502–17 (15th Ed.1983). If the objecting party "succeeds in overcoming the prima facie effect . . . [of] the claim . . ., the burden . . ., remains on the claimant to prove the validity of his claim by a preponderance of the evidence." *Id.* Therefore, in the instant proceeding, if the Debtor produces evidence and demonstrates facts tending to defeat the prima facie proof of claim, the burden of proof will ultimately rest with the IRS.

---

**2.** The Debtor testified that he issued two checks on the joint checking account for personal reasons. First, a $2,000.00 check payable

to himself and second, a $600.00 check payable to Goldbergs Furniture Store, ostensibly for furniture purchased for personal use.

■ The Court finds, based on the papers submitted, that the Debtor has rebutted the prima facie effect of the proof of claim filed by the IRS. Therefore, the IRS bears the burden of proof to demonstrate the existence of the alleged partnership. The party claiming the existence of a parol partnership agreement must demonstrate its existence by a preponderance of the evidence. *Kahn v. Kahn,* 3 A.D.2d 820, 160 N.Y.S.2d 972 (1957); *Hanlon v. Melfi,* 102 Misc.2d 170, 423 N.Y.S.2d 132 (1979). Consequently, for the IRS to prevail on its allegations, it must demonstrate the partnership existence by a preponderance of the evidence.

■ The Code does not define the term "partnership". Therefore, although the question whether a partnership existed, for federal tax purposes, is to be ascertained pursuant to federal law, recourse to local law is relevant in this regard. *Haley v. Commissioner,* 203 F.2d 815 (5th Cir.1953).

■ Pursuant to New York Partnership Law § 10 (McKinney 1948), a partnership is defined as set forth herein: "A partnership is an association of two or more persons to carry on as co-owners a business for profit." Further, contrary to the assertions of the Debtor, the absence of a written partnership agreement is not conclusive in regard to proving the existence of a partnership. *Ayrton Metal Co. v. Commissioner,* 299 F.2d 741, 742 (2d Cir.1962); *Hanlon v. Melfi,* 102 Misc.2d 170, 423 N.Y.S.2d 132, 134 (1979). Therefore, the partnership must be established from review of the testimony and conduct of the parties and the documentary evidence submitted to the Court. 15 N.Y. Jur.2d, *Business Relationships* § 1309 (1981).

■ A partnership is established through the voluntary agreement of the parties. 59 Am.Jur.2d *Partnership* § 19 (1971). Generally, the essential characteristics of an alleged partnership which must be demonstrated are:

1. the intentions of the parties,
2. co-ownership of the business property, and
3. sharing of the profits and, generally the losses.

*Id.* § 39. Furthermore, some proof must be submitted to demonstrate that each alleged partner participated in the management of the business or had some right to control the function or conduct of the business. *Id.* § 59.

In addition to the above, the Supreme Court provides further guidance in regard to resolving the issue at bar. The Court in *Commissioner v. Culbertson,* 337 U.S. 733, 743 n. 12, 69 S.Ct. 1210, 1214 n. 12, 93 L.Ed. 1659 (1949) provided that to determine whether a partnership existed, the inquiry should be whether, after considering the conduct and the statements of the parties, the testimony of any disinterested persons, the respective abilities and capital contributions of each party as well as the actual control of the income, the parties intended to enter into a partnership agreement. *Id.*

■ In applying the aforementioned criteria to the instant proceeding, the Court finds that the IRS has failed its burden of proof to demonstrate the alleged oral partnership. Although the Court finds the partnership returns, personal returns and the business certification form relevant, such documentary evidence is of an administerial nature which is not highly probative in regard to proving the intent of the parties. Further, the Court adopts the Debtor's explanation in regard to the means taken by the IRS to obtain Debtor's signature.

The Court notes, in review of all the evidence submitted, that no probative evidence was submitted to demonstrate any capital contributions made by the Debtor to the Business. In addition, there was no probative evidence submitted to show any form of co-ownership of the Business by the Debtor. For example, all contracting bids were submitted using only Guthrie's name individually. Further, Guthrie obtained all required insurance certificates in his individual capacity and not in the name of the partnership.

The Court also notes that all checks received in payment for work performed by

the Business were drawn to Guthrie personally. There is nothing provided on the face of the drafts to even suggest the existence of a partnership. In addition, the Business contracts submitted as evidence provided only the name of Guthrie personally. Moreover, the evidence fails to demonstrate how or if the Business profits or losses were divided between the Debtor and Guthrie. Finally, the Court finds the absence of evidence to establish what, if any, control the Debtor maintained over general business decisions prejudicial to the position of the IRS.

It appears that during the years in question, Guthrie considered the Business a sole proprietorship as evidenced by his dealings with the general business community. It would be inconsistent and highly prejudicial to the Debtor for the Court to permit the IRS to now treat the Business as a partnership.

Therefore, the Court finds the IRS has failed to demonstrate that the parties intended to form a partnership during 1979 and 1980. The IRS has failed to sustain its burden of proof in this proceeding. Thus, the Court holds that the Debtor was not a partner with Guthrie in the Business during the years in question.

Based on the foregoing, it is ordered that the Debtor's motion to discharge the federal tax lien held by the IRS be and the same is hereby granted.