ACLI GOVERNMENT SECURITIES,
INC., Plaintiff,

v.

Daniel RHOADES and Milton
Braten, Defendants.

ACLI GOVERNMENT SECURITIES,
INC., now known as Fuji Securities,
Inc., Petitioner,

v.

Daniel RHOADES, Milton Braten, Lewis
Henkind, and Holly Ventures, a pur-
ported partnership, Respondents.

No. 81 Civ. 2555(MEL).

United States District Court,
S.D. New York.

Feb. 17, 1993.

Curtis, Mallet–Prevost, Colt & Mosle,
New York City, for plaintiff-petitioner; Eli-
ot Lauer, Jacques Semmelman, Daniel R.
Lenihan, of counsel.

Daniel Rhoades, pro se.

Holtzman, Wise & Shepard, New York
City, for respondent Lewis Henkind.

Kenyon & Lusk, Anderson, SC, for de-
fendant-respondent Milton Braten; Karl L.
Kenyon, of counsel.

LASKER, District Judge.

ACLI Government Securities, Inc., now known as Fuji Securities, Inc. ("ACLI"), moves for a judgment pursuant to Fed. R.Civ.P. 37 and 69(a) and CPLR 411 and 3017(b), declaring that an entity named "Holly Ventures," a purported partnership among the respondents Daniel Rhoades, Milton Braten and Lewis Henkind, is not a partnership, and for an Order directing the sale at public auction of each of the one-third interests of Rhoades and Braten in Holly Ventures and the distribution of the proceeds of that sale to ACLI in partial satisfaction of ACLI's outstanding judgments against Rhoades and Braten.

ACLI initially maintained that this Court had ancillary jurisdiction to grant the relief requested because this is a special proceeding brought pursuant to Fed.R.Civ.P. 69(a) to enforce a judgment of this Court. Respondents challenged this contention and ACLI subsequently moved to amend its Petition to allege diversity of citizenship as a basis for jurisdiction. The respondents have not objected to the amendment which is accordingly granted.

## I.

*Burden of Proof.*

■ Relying on *Allen Chase & Co. v. White, Weld & Co.*, 311 F.Supp. 1253, 1259 (S.D.N.Y.1970); *Ramirez v. Goldberg*, 82 A.D.2d 850, 852, 439 N.Y.S.2d 959, 961 (2d Dep't 1981), ACLI argues that the burden of proving the existence of a partnership is on the party asserting its existence, in this case the respondents. Respondents point out that in those cases the party who was held to have the burden of proving the existence of the partnership was not only the party seeking to establish its existence, but also the plaintiff. Respondents argue that, accordingly, these cases do not support ACLI's claim that the burden of proving a partnership falls on the party asserting its existence when that party, as is the case here, is not the plaintiff.

Other cases, however, confirm the merit of ACLI's position. *Hanlon v. Melfi*, 102 Misc.2d 170, 423 N.Y.S.2d 132, 134 (Sup.Ct.

Suffolk Cty. 1979) ("The burden, of course, of establishing the existence of an oral partnership by a fair preponderance of the evidence rests upon the party claiming the partnership (*Kahn v. Kahn*, 3 A.D.2d 820, 160 N.Y.S.2d 972 (1st Dept.1957))."). *See also In re Wells' Will*, 36 A.D.2d 471, 321 N.Y.S.2d 200 (4th Dep't 1971), *aff'd*, 29 N.Y.2d 931, 329 N.Y.S.2d 322, 280 N.E.2d 95 (1972) (objectants to will seeking to establish partnership with decedent had burden of proving its existence). In sum, under New York Law, respondents have the burden of proving that Holly Ventures is a partnership.

## II.

*Indicia of Partnership.*

ACLI contends that respondents have not met their burden of proving that Holly Ventures is a partnership. In *M.I.F. Securities Co. v. R.C. Stamm & Co.*, 94 A.D.2d 211, 463 N.Y.S.2d 771 (1st Dep't 1983), *aff'd in relevant part*, 60 N.Y.2d 936, 471 N.Y.S.2d 84, 459 N.E.2d 193 (1983), the Appellate Division stated that "[w]hether partnership status is enjoyed turns on various factors including sharing in profits and losses, exercising joint control over the business, and making capital investment and possessing an ownership interest in the partnership." Similarly, in *Tenney v. Insurance Co. of North America*, 409 F.Supp. 746 (S.D.N.Y.1975), the District Court stated that:

> In New York ... there are several significant indicia of the existence of a partnership relationship among various owners of interests in a business venture. These include (1) the pro-rata sharing of profits and losses of the enterprise, (2) the pro-rata contribution to the capital of the enterprise, (3) the joint ownership and interest in the enterprise's assets by all investors, (4) the intention of the parties that they be partners, and (5) the partners all having some voice in the management of the enterprise.

*Id.* at 749. In that case, the District Court found that the plaintiff was a partner because she satisfied "most of the criteria." *Id.* The issue for determination is whether

respondents have met their burden of proving that Holly Ventures satisfies a sufficient number of these factors to be deemed a partnership.

### a. *Pro rata sharing of Profits and Losses.*

■ An undertaking to assume the losses and to share the profits is an "indispensable essential[ ]" of a partnership. *In re Wells' Will*, 36 A.D.2d 471, 321 N.Y.S.2d at 206. The only evidence on this point which the respondents have produced is the statement of Lewis Henkind that "[w]e agreed that our partnership would own the land, and we would share all profits and losses of the partnership equally." (Henkind statement ¶ 3). However, the deposition testimony of Milton Braten undermines Henkind's statement considerably:

Q. Is there a written partnership agreement?

A. I don't recall that.

Q. Is there an oral partnership agreement or understanding?

A. I don't understand the question.

Q. Do you have an understanding among yourself, Daniel Rhoades, Lewis Henkind and anyone else as to the relationship of the three of you in Holly Ventures?

A. I'm not following you.

Q. Did you ever agree with Daniel Rhoades, Lewis Henkind and anyone else on anything pertaining to Holly Ventures?

A. We agreed that Holly Ventures would buy land in upstate New York. We agreed that nothing would be done without the unanimous consent of all the partners at the time, as I recall. And I don't know, at this time—I can't think of too much. I mean, land is just sitting there.

(Braten Dep. at 18). There is no mention of any agreement regarding the sharing of profits and losses.

### b. *Pro rata contribution of capital.*

■ While, as *M.I.F. Securities Co. v. R.C. Stamm & Co.*, 94 A.D.2d 211, 463 N.Y.S.2d 771 (1st Dep't 1983), indicates, capital investment by parties in a partnership need not necessarily be pro-rata, nevertheless, pro-rata contributions are strong evidence of partnership. Here, the contribution of capital was not pro rata. Henkind's statement shows that the initial capital contribution was uneven. Rhoades paid only $8,000.00, while Henkind paid $17,061.00 and Braten paid $34,938.97 of the $60,000.00 due at the closing. These amounts contradict the claim made by Henkind and Braten that Henkind had paid one third of these expenditures.

### c. *Joint ownership of the Property.*

■ There is no dispute between the parties that respondents are joint owners of Holly Ventures. However joint ownership does not establish a partnership. New York Partnership Law provides that:

Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common property, or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property.

N.Y. Partnership Law § 11(2) (McKinney 1988). Accordingly, the fact that respondents are joint owners of Holly Ventures does not establish that they are partners.

### d. *Parties' Intent that they be Partners.*

■ As concrete indicia of their partnership, the respondents emphasize the Business Certificate for Partners that they filed for Holly Ventures in 1980, a bank account opened for Holly Ventures as a partnership in 1981, an insurance policy for the period from May 5, 1980 to May 5, 1981 which designates Holly Ventures as a partnership and tax returns for Holly Ventures for 1980 and 1983.

This is all fine, but there are also strong indications against respondents' claim that they ever intended to form a partnership. There is no written partnership agreement among the parties; there is no evidence of books or records reflecting ongoing expenses of Holly Ventures, and Braten testified at his deposition that he "would

doubt" that he had "deducted any expenses associated with Holly Ventures on any of [his personal] income tax returns." (Braten Dep. at 39). ACLI argues that if Braten, or the other respondents, had considered themselves to be partners of Holly Ventures, they would have taken the deductions they were entitled to for one third of Holly Ventures expenditures on their personal income tax returns.

Even the evidence that respondents emphasize is only partially supportive of their claim. The designation as to the status of the entity required to be "checked" on the insurance policy, for example, only allows for three types of business forms: corporations, partnerships and individuals. Since, in this case, the only sensible choice among these options for any form of unincorporated joint ownership is partnership, it cannot be concluded from that choice that a partnership was intended. Although the policy does describe Henkind, Braten and Rhoades as "General Partners," that designation adds little to the mix. Finally, respondents have not provided evidence of partnership tax returns for Holly Ventures for any of the other ten years since the formation of Holly Ventures besides 1980 and 1983. These facts cast serious doubt on respondents contention that they intended to form a partnership.

e. *Participation in Management.*

The unsworn declarations under penalty of perjury submitted by the respondents in answer to ACLI's petition do not make any claims about the voices of the respondents in the management of Holly Ventures. Braten did state in his deposition that "[w]e agreed that nothing would be done without the unanimous consent of all the partners at the time [of Holly Ventures' formation], as I recall." (Braten Dep. at 18). Braten, however, also conceded at his deposition that he could not recall having discussed the business of Holly Ventures with Rhoades and Henkind in the last 10 years. *Id.* Braten also conceded, as discussed above that, the "land is just sitting there," *Id.*, and in view of this lack of activity it is not surprising that there has been no active management. From what facts there are, there does not appear to have been a need for managerial action.

In sum, respondents have not met their burden of proof as to any of the primary indicia of a partnership under New York law with the exception of the joint ownership of Holly Ventures. As indicated above, that factor by itself is insufficient to establish a partnership.

### III.

■ In further support of its position, ACLI points out that the willful violation of a discovery Order of this Court by Rhoades and Holly Ventures provides an additional basis for the finding that Holly Ventures is not a partnership. Fed.R.Civ.P. 37(b)(2) provides that:

> If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>
> (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order; ...

In this connection, the Court of Appeals has held that "[p]rovided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order." *Daval Steel Products v. M/V Fakredine,* 951 F.2d 1357, 1363 (2d Cir. 1991). In that case, the Second Circuit also observed that Rule 37(b)(2) sanctions "must relate to the particular claim to which the discovery order was addressed," *id.* at 1366, and that "severe sanctions are justified ... when the failure to comply with the court order was due to willfulness or bad faith, or is otherwise culpable," *id.* at 1367.

A discovery Order was signed by this Court on November 18, 1991, directing Rhoades to comply with an earlier Notice of Deposition, to "produce true copies of all documents requested in the Notice of De-

position" and to appear for deposition on January 14, 1992. The Order also directed Holly Ventures to "produce true copies of all documents requested in the deposition subpoena" and to appear, by Daniel Rhoades, for deposition on January 14, 1992. Neither Rhoades nor Holly Ventures produced the documents called for, nor did they appear at the deposition. Both the subject matter of the earlier depositions taken from Henkind and Braten, as well as the content of the Notice of Deposition to Rhoades and the deposition subpoena directed to Holly Ventures gave notice that ACLI intended the discovery to shed light on whether Holly Ventures is a partnership.

Rhoades responds in his unsworn declaration under penalty of perjury that he did not appear because he "was so sick with the flu, and there was such a violent rainstorm with a heavy downpour, that it would have been lifethreatening for [him] to go out in such weather" and that he telephoned ACLI's counsel's offices on the morning of the scheduled deposition to explain the circumstances. However, Rhoades cannot unilaterally avoid his obligations under a court order in this manner. Rhoades never obtained the approval of this Court not to appear at the deposition and therefore violated the court order both with regard to himself and with regard to Holly Ventures for which he had been ordered to appear. These violations provide an additional basis under Fed.R.Civ.P. 37(b)(2) for the finding that Holly Ventures is not a partnership.

### IV.

Finally, respondents' contention that "it is hornbook law that petitioner, by telling the court Holly Ventures is a partnership and obtaining a court order based on that fact, is now judicially estopped from now [sic] claiming that Holly Ventures is not a partnership," (Henkind statement ¶ 26), is without merit. As ACLI points out, its applications to the Court in which it described Holly Ventures as a partnership were legitimately and understandably based on Henkind's representations at his deposition that Holly Ventures was a part-

nership and do not prevent it from contending that Holly Ventures is not a partnership.

It follows from the above that there is no merit to respondents' motion that sanctions should be imposed on ACLI because of the alleged frivolity of its petition.

Submit proposed judgment on notice.