101 F.3d 688
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
ACLI GOVERNMENT SECURITIES, INC., Plaintiff-Petitioner-Appellee,
v.
Daniel RHOADES and Milton Braten,
Defendants-Counter-Claimants-Respondents-Appellants,
Lewis Henkind and Holly Ventures, a purported partnership, Respondents,
Be Be Blond, Ltd., Respondent-Appellant,
Ober, Kaler, Grimes & Shriver, Appellants.
 Nos. 95-7885, 95-9063, 95-9221, 95-9003, 95-9067, 95-9065, 95-9220.
 United States Court of Appeals, Second Circuit.
 June 28, 1996.
 
 APPEARING FOR APPELLANT BRATEN: James M. Felix, Kilhenny & Felix, New York, NY.
 APPEARING FOR APPELLANT BE BE BLOND, LTD: Richard A. Nachman, New York, NY.
 APPEARING FOR APPELLANT OBER, KALER, GRIMES & SHRIVER: Stephen E. Powers, Warshaw Burstein Cohen Schlesinger & Kuh, LLP, New York, NY.
 APPEARING FOR APPELLANT RHOADES: Daniel Rhoades, pro se, Brewster, NY.
 APPEARING FOR APPELLEE: Jacques Semmelman, Curtis, Mallet-Prevost, Colt & Mosle, New York, NY.
 S.D.N.Y.
 AFFIRMED.
 Before MINER, JACOBS and PARKER, Circuit Judges.
 
 
 1
 UPON CONSIDERATION of these appeals from judgments and an order of the United States District Court for the Southern District of New York, it is hereby
 
 
 2
 ORDERED, ADJUDGED, AND DECREED that the judgments and order be and hereby are AFFIRMED.
 
 
 3
 This cause came on to be heard on the transcript of record and was argued by counsel.
 
 
 4
 Appellants appeal from judgments and an order of the United States District Court for the Southern District of New York (Scheindlin, J.), the court having entered a judgment declaring Be Be Blond, Ltd. ("BBB") to be bound by a previous declaratory judgment of the district court against Daniel Rhoades and Milton Braten and enjoining a cross-claim brought by BBB against ACLI Government Securities, Inc., now known as Fuji Securities, Inc., ("ACLI") in New York State court; the court having entered a judgment awarding ACLI approximately $31,000 in attorney's fees and costs against Rhoades, BBB, and BBB's counsel, Ober, Kaler, Grimes & Shriver ("Ober, Kaler"); and the court having entered an order issuing a bill of peace against Rhoades and Braten.
 
 
 5
 In 1981, ACLI commenced a breach of contract action against Rhoades and Braten in the district court. In May of 1983, after a jury returned a verdict in favor of ACLI, judgment was entered against Rhoades in the amount of $1,519,898.50 and against Braten in the amount of $631,106.14.
 
 
 6
 Rhoades, Braten, and Lewis Henkind had acquired a parcel of real property (the "property") in Putnam County, New York in 1980. On March 11, 1980, a contract of sale was executed between the seller, Helen Gatling, and the purchaser, an entity called "The Braten Corporation." On March 20, 1980, Rhoades and Braten created Holly Ventures, purportedly as a partnership. The Braten Corporation then adopted a resolution that it would assign its rights under the contract of sale to BBB. After the property was sold to BBB, it immediately was reconveyed to Holly Ventures for $10.
 
 
 7
 By Notice of Petition dated June 30, 1992, ACLI commenced a special proceeding in the district court, seeking a declaratory judgment that Holly Ventures was not a partnership and that the property was owned as a tenancy-in-common by Rhoades, Braten, and Henkind. In ACLI Government Securities, Inc. v. Rhoades, 813 F.Supp. 255 (S.D.N.Y.1993), the district court found that Holly Ventures was not a partnership. Judgment was entered on March 10, 1993, and an amended judgment (the "amended judgment") was entered on March 19, 1993. On November 19, 1993, we affirmed the amended judgment of the district court.
 
 
 8
 By Notice of Petition dated October 12, 1994, ACLI petitioned the district court for a judgment declaring BBB to be bound by the amended judgment and for an order permanently staying a cross-claim asserted by BBB in a mortgage foreclosure proceeding. The proceeding was brought by the Bank of New York in New York State Supreme Court, Putnam County, to foreclose a mortgage on the property. BBB moved to dismiss the petition. On July 27, 1995, the district court entered judgment in favor of ACLI, declaring that BBB is bound by the amended judgment, and ordering the cross-claim to be permanently stayed pursuant to 28 U.S.C. §§ 1651(a) and 2283. By Memorandum Opinion and Order dated September 7, 1995, the court awarded ACLI attorney's fees and costs in the amount of approximately $31,000, jointly and severally, against BBB, Rhoades, and Ober, Kaler.
 
 
 9
 Previously, in February of 1995, ACLI had moved for a bill of peace enjoining Rhoades and Braten, their agents, and their attorneys from commencing litigation relating to any issues already litigated before the court against ACLI, its corporate parents, successors, affiliates, employees, or its counsel. By Opinion and Order dated September 7, 1995, the district court granted the motion for a bill of peace.
 
 
 10
 On appeal, Braten and Rhoades contend that the district court erred in issuing the bill of peace. We disagree. In Safir v. United States Lines Inc., 792 F.2d 19 (2d Cir.1986), cert. denied, 479 U.S. 1099 (1987), we listed five factors that a district court should consider in determining whether to issue a bill of peace. Id. at 24. We stated that, "[u]ltimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." Id. at 24. In view of the record of past litigation commenced by Braten and Rhoades against ACLI in the past 13 years, we think that the district court properly issued a bill of peace against them.
 
 
 11
 In addition, BBB contends that ACLI improperly commenced the special proceeding when it filed its petition, and therefore that the district court did not have subject matter jurisdiction to decide the petition. We reject this contention. Although BBB argues that ACLI did not follow the proper New York State procedures, we think that the steps taken by ACLI in filing the petition sufficiently complied with state procedures. See Chambers v. Blickle Ford Sales, Inc., 313 F.2d 252, 256 (2d Cir.1963) ("The procedure followed here, more in the nature of one supplementary to enforcement of a judgment, accords with the spirit of the Rules and seems to be a sufficiently close adherence to state procedures.").
 
 
 12
 BBB, Rhoades, and Ober, Kaler also argue that the district court erred in ordering them to pay sanctions to ACLI. We disagree. In its petition, ACLI requested relief in the form of "costs, disbursements, and attorney's fees of this special proceeding." We have reviewed the conduct of BBB, Rhoades, and Ober, Kaler, and we think that the district court properly exercised its discretion in sanctioning them.
 
 
 13
 We have considered the appellants' remaining contentions, and we find them all to be without merit.