FRIEDA POPKOV CORP., Plaintiff, *v.* JOSEPH B. STACK et al., Individually and as Copartners Doing Business as " STACK'S ", et al., Defendants.

Supreme Court, Special Term, New York County, November 6, 1950.

*Eugene J. Morris* and *Sol Nadelson* for plaintiff.

*L. Kotler* for defendants.

ISIDOR WASSERVOGEL, Official Referee. In the main action before the court, plaintiff, a domestic corporation, contends that in or about July, 1947, it entered into an oral agreement with the defendants whereby they became copartners and joint venturers in the purchase of premises 12 West 46th Street, borough of Manhattan, New York City. Approximately three years thereafter the defendants purchased the property and took title thereto in the name of a corporation, the stock of which is owned by them alone. Thereafter, plaintiff instituted the instant action to impress a trust upon the property on the ground that the defendants had violated the alleged partnership and joint venture agreement. A pending Municipal Court summary proceeding for dispossess, instituted by the defendants in the main action, as landlords, against the plaintiff, as tenant, was consolidated with this action by order of Mr. Justice BOTEIN, dated September 26, 1950. At the conclusion of the trial of the main action, the summary proceeding was discontinued by defendants without objection by plaintiff.

There is nothing in the record to establish that a joint venture or partnership was formed between the parties. At the very most, the testimony of the witnesses called on behalf of the plaintiff indicates that the alleged oral arrangement merely provided for the purchase of the property by the parties as tenants in common. In the case at bar, the oral agreement remained executory. Plaintiff never put up any of the moneys for the

purchase of the property. Likewise, plaintiff has not established that there was any understanding, either in writing or oral, with reference to the sharing of profits or losses, or the management and subsequent control of the property. The community of interest of all of the parties in the building is insufficient to establish a joint venture. The fact that they may have discussed the formation of a corporation to take title to the building does not take the case out of the Statute of Frauds nor does it tend to establish the existence of the alleged agreement (*Weisner* v. *Benenson,* 275 App. Div. 324).

In any event, it is to be noted that although there is no specific statute in reference thereto, the general consensus of legal authority and opinion in this State prohibits a corporation from entering into a partnership agreement. If a corporation were permitted to become a party to a partnership, the possibility exists that it might be bound by the acts of any other member of the partnership. In such event, no other member of the partnership would be acting as an officer or agent of the corporation but as a principal in an association or partnership in which all are equal, and in which each is capable of legally binding other members of such association or partnership by his individual acts. It is a fundamental principle of the laws of this State governing corporations that the management and affairs of each corporation are to be guided by the officers provided for or authorized in its charter. This management must be separate and exclusive, and any arrangement by which control of the affairs of a corporation may be taken from its stockholders and authorized officers and agents would be hostile and in opposition to the established policy of our general corporation statutes (1935, Atty. Gen. 230). Assuming, *arguendo,* therefore, that the parties actually entered into an agreement of partnership, such agreement would, nevertheless, be void and unenforcible, inasmuch as one of the parties thereto, namely the plaintiff, is a corporation.

The authorities cited by plaintiff in support of its contention that a corporation may enter into a joint venture, as opposed to a partnership, do not require lengthy discussion. In view of the court's holding herein that neither a joint venture nor a partnership was entered into between the parties, it is sufficient to note that the cases cited by plaintiff indicate that a joint venture entered into by a corporation must not deviate from the business for which it was organized (*Red Robin Stores* v. *Rose,* 274 App. Div. 462). In the instant action, plaintiff corporation's

primary purpose was to operate a luncheonette business. The purported joint venture was formed, not to operate a luncheonette or like business, but to buy, maintain, rent, and manage real estate. Concededly, plaintiff's certificate of incorporation allows it to purchase real property. Nevertheless, any agreement to this effect would have to be in writing in order to conform to the requirements of the Real Property Law (Real Property Law, § 259).

Judgment is rendered for the defendants dismissing the complaint upon the merits. No costs are awarded.

The foregoing are the facts found by me and constitute the decision of the court as required by section 440 of the Civil Practice Act.

Submit decree within ten days on three days' notice.