■ HOBART ROSEN, Appellant, v. WALTER P. HUMMEL et al., Respondents.— Appeal from an order of the Supreme Court at Special Term, entered August 27, 1974 in Warren County, which granted a motion by defendant for summary judgment dismissing plaintiff's complaint, and from the judgment entered thereon. Plaintiff alleges in his complaint that the parties hereto entered into an oral agreement whereby plaintiff agreed to pay defendants $500 in exchange for which plaintiff or his agents would be permitted to enter upon defendants' land for the purpose of dismantling and carrying off a structure. In his action for breach of contract following defendants' alleged refusal to permit plaintiff's agent to so enter, the court at Special Term found the contract to be unenforceable under the Statute of Frauds. We begin with the general premise, too well settled to require citation of authority, that a building affixed to land constitutes realty, and, therefore, plaintiff's alleged contract would be one to purchase an "interest in real property * * * or in any matter relating thereto", requiring a signed writing to be enforceable (General Obligations Law, § 5–703, subd. 1.) Plaintiff contends, however, that under *Cervadoro* v. *First Nat. Bank & Trust Co. of Hudson* (267 App. Div. 314, 316), the parties are free to treat buildings attached to the land as personalty, "especially where the removal of the same was to be had immediately". The rationale of *Cervadoro* is not controlling, for that case was decided under former subdivision 1 of section 156 of the Personal Property Law, no longer in effect, which included in the definition of "Goods", "things attached to * * * the land which are agreed to be severed * * * under the contract of sale." Rather, we are governed in this case by the distinction created by subdivision

(1) of section 2–107 of the Uniform Commercial Code, which appears to have revived the common-law rule, adverted to in *Cervadoro*, in effect prior to adoption of the Uniform Sales Act. Thus, a "contract for the sale of * * * a structure or its materials to be removed from realty is a contract for the sale of goods within this Article if they are to be severed by the seller but until severance a purported present sale thereof *which is not effective as a transfer of an interest in land* is only effective as a contract to sell" (Uniform Commercial Code, § 2–107, subd. [1]; emphasis suppied). Obviously, such a contract to sell refers to an interest in land as the official comment McKinney's Cons. Laws of N. Y., Book 62½, Uniform Commercial Code, § 2–107 makes clear. Thus, in the case at bar, since the buyer rather than the seller was to sever the structure from the land, the Statute of Frauds is applicable and the alleged contract is unenforceable in the absence of a signed writing. Plaintiff contends that even if the Statute of Frauds is applicable, there was part performance so as to entitle plaintiff to specific performance. The allegation of part performance is based on plaintiff's having entered into a contract with another to act as agent for plaintiff and remove the structure. We agree with Special Term that this is insufficient to take the case out of the Statute of Frauds. There was no actual performance under plaintiff's alleged contract with defendants. Order and judgment affirmed, with costs. Greenblott, J. P., Sweeney, Kane, Main and Larkin, JJ., concur.