■ KEVIN A. DENTON et al., Appellants, v CLOVE VALLEY ROD & GUN CLUB, INC., Respondent. — In an action for specific performance of a contract, plaintiffs appeal from an order of the Supreme Court, Dutchess County (Jiudice, J.), dated July 7, 1982, which, *inter alia,* granted defendant's motion for summary judgment dismissing plaintiffs' complaint. Order reversed, with costs, and motion denied, without prejudice to renewal upon the completion of discovery proceedings. In May, 1981, plaintiffs entered into negotiations with defendants to purchase the "Christy House", a building with historical significance, and remove it from defendant's property. After the negotiations, a representative of defendant claimed that he would submit plaintiffs' terms to defendant's board of directors and if they agreed to the terms, defendant's lawyer would send plaintiffs a contract. Upon receiving an unexecuted contract, plaintiffs made some modifications and returned a signed contract along with a deposit of $2,500. Defendant accepted this deposit, but stalled in signing

the contract. Plaintiffs then sued for specific performance after which defendant returned the deposit. Plaintiffs also filed a notice of pendency to prevent a sale of the house to another. Defendant moved for summary judgment dismissing plaintiffs' complaint and to cancel the notice of pendency. The Supreme Court, Dutchess County, granted the motion, holding that the Statute of Frauds applied to the agreement and there was not a sufficient writing signed by the party to be charged. Since the structure was to be severed from the land by the purchaser, the structure must, pursuant to subdivision (1) of section 2-107 of the Uniform Commercial Code, be considered real property, and therefore section 5-703 of the General Obligations Law requires that the contract for the sale thereof must be in writing (*Rosen v Hummel,* 47 AD2d 782). Plaintiffs contend that a combination of the notes taken by defendant's representatives at the negotiations, the minutes of defendant's corporate meetings signed by an officer, and the formal contract sent by defendant's attorney, would constitute a sufficient memorandum to satisfy the Statute of Frauds. A similar combination was found to be sufficient in *Church of God of Prospect Plaza v Fourth Church of Christ, Scientist, of Brooklyn* (76 AD2d 712, affd 54 NY2d 742). Plaintiffs have not been able to produce this evidence because the writings necessary to determine whether a sufficient memorandum could be formed are in the exclusive possession of defendant. CPLR 3212 (subd [f]) provides that if facts essential to justify opposition to a summary judgment motion may exist but cannot then be stated, the court may deny the motion in order to allow discovery. On a prior appeal in the *Church of God* case (59 AD2d 732), this court reversed and denied the defendant's motion for summary judgment in order to allow the plaintiff to examine defendant's corporate minutes to determine if there was an acceptance of a contract. Plaintiffs in the case at bar should be allowed to do the same. Defendant claims that plaintiffs' modifications of the contract drawn by defendant's attorney were equivalent to a rejection of that contract and constitute a counteroffer which defendant never accepted (*Gram v Mutual Life Ins. Co. of N. Y.,* 300 NY 375; *Roer v Cross County Med. Center Corp.,* 83 AD2d 861). However, if plaintiffs' modifications were merely to clarify terms already agreed upon and did not qualify essential terms of the contract, then a contract may have been formed and the additions would merely be deemed requests to be incorporated into the contract (*Arnold v Gramercy Co.,* 30 Misc 2d 852, affd 15 AD2d 762, affd 12 NY2d 687; 1 Williston, Contracts [Jaeger, 3d ed], § 79). It is unclear, without discovery, whether plaintiffs' modifications were material or not. Thus, summary judgment should be denied to allow for discovery on this issue as well. We have examined plaintiffs' claim that their acts of partial performance satisfy the Statute of Frauds and find it to be without merit. Damiani, J. P., Weinstein, Niehoff and Boyers, JJ., concur.