■ NATHAN M. MEDWIN, Appellant, v PAUL E. GALIB et al., Defendants, and NIAGARA MOHAWK POWER CORPORATION, Respondent.—Levine, J. Appeal from an order of the Supreme Court (Cobb, J.), entered February 18, 1988 in Albany County, which, *inter alia,* granted defendant Niagara Mohawk Power Corporation's motion for summary judgment dismissing the complaint against it.

This action for counsel fees arises out of an earlier litigation in which plaintiff represented defendants Paul E. Galib and Mary C. Galib in a suit instituted against the Galibs by the City of Albany. Paul E. Galib, an employee of defendant Niagara Mohawk Power Corporation (hereinafter NiMo), had given NiMo permission to deposit fill on property owned by him and his wife in the city. The city's action against the Galibs alleged that the Galibs had negligently graded and filled their property, causing a landslide and placing undue pressure on utility lines. The Galibs then retained plaintiff to defend them in the suit.

After interposing various counterclaims, plaintiff entered into negotiations with the city to resolve the dispute. NiMo agreed to reimburse the Galibs for one half of any "corrective work" required to satisfy the city's complaint. While negotiations were still pending, one of NiMo's attorneys requested that plaintiff advise NiMo as to the current status of the city's lawsuit. Plaintiff responded by sending NiMo two letters reporting on the status of the case and the progress of the settlement negotiations. In these letters, plaintiff referred to the Galibs as "my clients". NiMo's counsel also corresponded with plaintiff regarding negotiation of a settlement agreement with the Galibs whereby NiMo would pay up to $12,000 to

reimburse the Galibs for out-of-pocket expenses incurred for corrective work requested by the city. The maximum amount of the settlement was subsequently raised to $15,000.

Thereafter, the Galibs substituted different counsel to represent them in the action by the city. The matter was subsequently settled, with the Galibs agreeing to perform the corrective work on their property requested by the city. In the meantime, plaintiff commenced this action against the Galibs and NiMo for counsel fees amounting to $25,000. Plaintiff alleged that, by representing the Galibs, he was acting "for and on behalf of" NiMo, and at NiMo's "special instance and request". Following joinder of issue, NiMo moved for summary judgment claiming that there was no express or implied contract between plaintiff and NiMo pursuant to which NiMo owed plaintiff a fee. Plaintiff cross-moved for summary judgment. Supreme Court granted NiMo's motion and plaintiff appeals.

There should be an affirmance. Judiciary Law § 474 provides that "[t]he compensation of an attorney or counsellor for his services is governed by agreement, express or implied, which is not restrained by law". The attorney claiming entitlement to a fee has "[t]he burden of establishing the existence of a contract, with full knowledge by the client of all material circumstances" *(Paulsen v Halpin,* 74 AD2d 990, 991). In his bill of particulars, plaintiff admits that there was no written contract between himself and NiMo. Plaintiff points out, however, that "when a person has knowledge that legal services were performed for him, a promise to pay their reasonable value may be implied" and the attorney may recover on a quantum meruit basis *(supra).* Thus, plaintiff argues that NiMo, by its conduct in requesting information from him and acquiescing in plaintiff's efforts to dispose of the entire matter by settlement, created a material issue of fact as to whether there was an implied contract between plaintiff and NiMo for legal services.

We disagree. The city never interposed a claim against NiMo for its role in depositing the fill on the Galibs' property. NiMo retained separate counsel to represent it for the purpose of disposing of the city's suit, which might otherwise have brought on a third-party claim by the Galibs against that corporation. Thus, dual representation by plaintiff of both the Galibs and NiMo could well have involved a conflict of interest forbidden by the Canons of Ethics *(see,* Code of Professional Responsibility Canon 5; EC 5-1). Irrespective of whether NiMo's interests were served by plaintiff's settlement efforts,

the benefits to it were, at most, incidental to the services plaintiff rendered the Galibs. Such incidental benefits are insufficient to impose liability upon a nonclient for legal fees *(see, Builders Affiliates v North Riv. Ins. Co.,* 91 AD2d 360, 366; *Matter of Linder,* 17 AD2d 949, 950).

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.