(July 24, 1989)

■ LIBERTY MOVING AND STORAGE COMPANY, INC., et al., Appellants, v BAY SHORE MOVING AND STORAGE, INC., et al., Respondents.—In an action, inter alia, for an accounting, the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Underwood, J.), dated June 24, 1988, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, dated August 17, 1988, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed

because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The Supreme Court correctly determined that, under the totality of the circumstances in this case, the record did not reveal the amalgam of property, interests, skills and risks to create a joint venture. "The ultimate inquiry is whether the parties have so joined their property interest, skills and risks that for the purpose of the particular adventure their respective contributions have become as one and the commingled properties and interest of the parties * * * [indicate] that each would act for their joint benefit" *(Hanlon v Melfi,* 102 Misc 2d 170, 174). It is undisputed that the defendant Bay Shore Moving and Storage, Inc. provided all of the funds for the purchase of the interest in the bankrupt company now operated as AAA Gold Coast Moving and Storage, Inc. Therefore, the plaintiffs have not established any proprietary right in the subject property of this company which would entitle them to an accounting or the imposition of a constructive trust. "While the trend away from strict definitional requirements has allowed the implication of a fiduciary duty * * * there must still be something—property, cash, even services— which has been given over and employed by another before that other can be liable as a fiduciary" *(Chipman v Steinberg,* 106 AD2d 343, 345). Not only was their contribution of $20,000 insufficient to permit the plaintiffs to participate in a joint venture but the plaintiffs have failed to specifically allege what services, if any, they contributed *(cf., Ackerman v Landes,* 112 AD2d 1081). The plaintiffs did not join in the contract for the purchase of realty and therefore did not expose themselves to any risk if they had been unable to complete the transaction. The plaintiffs have not established their right to the equitable relief they seek. Neither have they alleged any interest in the property to support an action for conversion or for the imposition of a constructive trust. The Supreme Court correctly dismissed these causes of action.

The plaintiffs also failed to state a cause of action to recover damages for fraud or misrepresentation. The complaint must allege facts to show that at the time the defendants made their representation they never intended to honor or act on the promise. Any inference drawn from the fact that the expected joint venture did not arise is not sufficient to sustain the plaintiffs' burden of establishing that the defendants

falsely stated their intentions *(see, Lanzi v Brooks,* 54 AD2d 1057)*. Moreover, as the Supreme Court noted, the individual parties involved here are sophisticated businesspersons who had access to counsel during the period in question.

Contrary to the plaintiffs' claims, there is no writing that evidences the essential terms of a complete agreement *(see,* General Obligations Law § 5-703). At best the parties had entered into an unenforceable agreement to agree *(see, Bernstein v Felske,* 143 AD2d 863; *Tamir v Greenberg,* 119 AD2d 665, *lv denied* 68 NY2d 607). Therefore, the plaintiffs have no cause of action to recover damages for breach of contract. Bracken, J. P., Kunzeman, Eiber and Spatt, JJ., concur.