■ ELLIOT F. ZOLIN, Respondent, v ROSLYN SYNAGOGUE, Appellant.—In an action, *inter alia,* to recover damages for breach of contract, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), entered October 20, 1988, as denied its motion for summary judgment.

Ordered that the order is modified by deleting therefrom the provisions denying those branches of the defendant's motion which were for summary judgment as to the second and third causes of action and substituting therefor a provision granting those branches of the motion, and by deleting therefrom the provision denying that branch of the motion which was to dismiss the first cause of action, and substituting therefor a provision denying that branch of the motion without prejudice to renewal upon the completion of discovery proceedings,

which shall be limited to whether there are any written memoranda relating to the alleged agreement; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

In his complaint, the plaintiff sets forth claims sounding in breach of contract, unjust enrichment, and quantum meruit, respectively.

Although the alleged instant transaction is one involving the lease and sale of real property and is thus subject to the Statute of Frauds (see, General Obligations Law § 5-703 [2]) and while there is no signed formal contract evidencing the parties' agreement, we nevertheless find that summary judgment would be inappropriate as to the first cause of action claiming breach of contract.

In our opinion, there exist triable issues of material fact regarding, inter alia, whether and when the parties reached an agreement and whether there are documents in the defendant's possession which may constitute a memorandum in satisfaction of the writing requirements of the General Obligations Law (General Obligations Law § 5-703 [2]).

We note that the plaintiff has not had the opportunity to conduct full disclosure. That being so, we find that summary judgment would be premature as to the first cause of action. Accordingly, we concur with the Supreme Court's denial of summary judgment as to that cause of action. However, the denial is without prejudice to renewal upon the completion of discovery (see, Denton v Clove Val. Rod & Gun Club, 95 AD2d 844, 845).

As for the plaintiff's unjust enrichment and quantum meruit claims, we hold that the defendant should have been granted summary judgment thereon. It is fundamental that, upon a motion for summary judgment, the party opposing the motion must come forward with admissible proof that would demonstrate the necessity of a trial as to an issue of fact (CPLR 3212 [b]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065). This the plaintiff failed to do, having never gone beyond the bare, general allegations of his complaint with any offer of proof to substantiate the basis of these claims. Thus, the defendant was entitled to summary judgment as to the second and third causes of action. Eiber, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.