■ GRACE NATUZZI, Respondent, v ELIAS RABADY, Appellant, et al., Defendants.—In an action, *inter alia,* to compel specific performance of an agreement to purchase certain real property, the defendant Elias Rabady appeals, as limited by his brief, from so much of an order of the Supreme Court,

Westchester County (Donovan, J.), entered January 19, 1990, as, upon granting reargument of a prior motion by the plaintiff for summary judgment against the appellant, which was granted by order dated November 13, 1988, adhered to the original determination.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the plaintiff's motion for summary judgment is denied.

The plaintiff and the appellant are licensed real estate brokers. In June of 1986 they entered into an agreement to purchase jointly a one-half interest in an apartment building located at 480 South Broadway in the City of Yonkers. At that time the plaintiff employed the appellant and the latter was manager of the premises. On or about June 11, 1986, they signed a letter agreement memorializing their mutual intentions concerning their joint purchase of the one-half interest in the building. They also signed a handwritten postscript which provided, "In the event the other one-half interest in the subject premises becomes available, it will be purchased by the undersigned jointly".

The second one-half interest in the property was owned by Mary Kropp. In or about 1987 her conservator entered into an agreement to sell the second one-half interest for $96,000. Upon learning of this transaction, the appellant offered to purchase the second one-half interest for $121,000. The court overseeing the conservatorship proceedings approved the sale to the appellant (see, Matter of Kropp, 151 AD2d 574), who had severed his business relationship with the plaintiff and was seeking to purchase that remaining half-interest on his own.

In July 1989 the plaintiff commenced the instant action. She alleged, in essence, that the postscript constituted an enforceable agreement that the appellant breached. In her prayer for relief, she demanded, inter alia, that the postscript to the agreement be enforced. The appellant interposed an answer wherein he raised, inter alia, as a fourth affirmative defense, that the postscript failed to satisfy the Statute of Frauds.

In August 1989 the plaintiff moved for summary judgment contending that the postscript to the agreement was enforceable. In support thereof the plaintiff argued that the postscript constituted a binding contract, obligating the appellant to include the plaintiff in the acquisition of the second half-interest. In opposition thereto, the appellant cross-moved for

summary judgment dismissing the complaint against him. In support thereof, the appellant argued primarily that the postscript failed to set forth all of the essential elements of a contract and hence failed to comply with the requirements of the Statute of Frauds.

The court denied the appellant's cross motion and granted the plaintiff's motion. Concerning the appellant's Statute of Frauds defense, the court determined, as a matter of law, that the parties were participants in a joint venture, and, as such, the writing requirements of the Statute of Frauds were inapplicable. Upon the appellant's subsequent motion for reargument of the plaintiff's motion for summary judgment and for a plenary trial, the court adhered to the original determination granting the plaintiff summary judgment. "A joint-venture agreement is generally defined as 'a "special combination of two more more persons wherein some specific venture * * * profit is jointly sought without any actual partnership or corporate designation" ' *(Forman v Lumm,* 214 App Div 579, 583; *Chalmers v Eaton Corp.* [71 AD2d 721, 722]). The essential elements are an agreement manifesting the intent of the parties to be associated as joint venturers, a contribution by the coventurers to the joint undertaking (i.e., a combination of property, financial resources, effort, skill or knowledge), some degree of joint proprietorship and control over the enterprise, and a provision for the sharing of profits and losses *(Yonofsky v Wernick* [362 F Supp 1005])" *(Ackerman v Landes,* 112 AD2d 1081, 1082). Not every agreement for the joint purchase of real property, however, qualifies as a joint venture. If there was no agreement as to the manner in which profits and losses were to be shared, the agreement between the parties did not create a joint venture but, at most, created a cotenancy *(see, Weisner v Benenson,* 275 App Div 324, *affd* 300 NY 669; *Feller v Brandt,* 144 NYS2d 216; *Popkov Corp. v Stack,* 198 Misc 826; *see also, Rizika v Kowalsky,* 207 Misc 254, *affd* 285 App Div 1009). In this case, the record is devoid of any evidence either in the postscript to the letter agreement or elsewhere that the parties contemplated any provisions for the sharing of profits and losses. Accordingly, the record does not establish that the " 'parties have so joined their property interest, skills and risks that for the purposes of the particular adventure their respective contributions have become as one' " *(Liberty Moving & Stor. Co. v Bay Shore Moving & Stor.,* 152 AD2d 682, 683, quoting from *Hanlon v Melfi,* 102 Misc 2d 170, 174). Thus, for the purposes of the plaintiff's motion for summary judgment, the letter agreement and its

postscript must be evaluated in accordance with the Statute of Frauds *(see,* General Obligations Law § 5-703; *Liberty Moving & Stor. Co. v Bay Shore Moving & Stor., supra).*

The writing at bar recites only that the parties intended in 1986 to acquire the remaining one-half interest in the building when and if it became available. It contains none of the essential terms of a contract. It does not incorporate any terms as to the price the parties might be willing to pay *(see, Donner v Septimus,* 137 AD2d 484) nor any other financial terms *(see, Jaffer v Miles,* 134 AD2d 572). A reading of this writing makes it clear that the parties would necessarily have to reach further agreement as to all essential terms of this future acquisition. Under such circumstances, it constitutes nothing more than an "agreement to agree, unenforceable under the Statute of Frauds" *(Ramos v Lido Home Sales Corp.,* 148 AD2d 598, 599; *Liberty Moving & Stor. Co. v Bay Shore Moving & Stor., supra,* at 684).

Since the record is devoid of proof of the existence of a joint venture and the writing fails to satisfy the Statute of Frauds, the appellant ordinarily would be entitled to summary judgment. Indeed, a party opposing summary judgment is obligated to lay bare his or her proof to establish the existence of a triable issue of fact *(see, e.g., Zolin v Roslyn Synagogue,* 154 AD2d 369). Under the circumstances of this case, however, the plaintiff never had an opportunity to lay bare her proof that she and the appellant were engaged in a joint venture. The court *sua sponte* ruled on this issue, without notice to the parties, who had framed the issue as one of a simple breach of contract. Accordingly, as the plaintiff may yet be able to establish the existence of a joint venture, we remit this matter to the Supreme Court, Westchester County, to permit the plaintiff, if she be so advised, to pursue relief under that theory. Rosenblatt, J. P., Miller, Ritter and Copertino, JJ., concur.