■ CITY OF NEW YORK, Respondent, v JOHN B. STACK, Appellant.—Judgment, Supreme Court, Bronx County (Howard Silver, J.), entered on February 14, 1991, directing defendant's specific performance of a contract for the conveyance of real estate to plaintiffs, unanimously affirmed, without costs.

The parties entered into an option agreement for the conveyance of real estate after extensive negotiation during which defendant was represented by counsel and had the additional assistance of an architect and a representative of his State Assemblyman. Plaintiff's timely exercise of the option by written notice to defendant failed to recite expressly plaintiff's willingness to purchase the property pursuant to the option agreement, as required by the option agreement, but any recitations not contained in the written exercise of the option were clearly understood between the parties *(see, Kaplan v Lippman,* 75 NY2d 320, 325). Further, the additional terms set forth in the written option exercise were not new conditions rendering the exercise ineffective *(cf., Novik v Bartell Broadcasters,* 39 AD2d 885, *affd* 32 NY2d 659), but merely clarified those terms to which the parties had already agreed in the option contract *(see, Denton v Clove Val. Rod & Gun Club,* 95 AD2d 844).

We have not considered defendant's argument that the option agreement inadequately described the property to be conveyed, or his argument that the agreement was unconscionable, since these arguments are raised for the first time on appeal and could have been factually countered by plaintiff had they been raised before the IAS court *(cf., Sega v State of New York,* 60 NY2d 183, 190, n 2, *rearg denied sub nom. Cutway v State of New York,* 61 NY2d 670). Were we to consider these arguments, we would find them to be without merit. Concur—Milonas, J. P., Rosenberger, Ellerin and Ross, JJ.