■ GETTY PETROLEUM CORP., Respondent, v PATRICK DeIORIO et al., Appellants. (Action No. 1.) FAMOUS AMERICAN BAKERY & DAIRY STORES et al., Appellants, v GETTY PETROLEUM CORP., Respondent. (Action No. 2.) VINCENT DeIORIO, Appellant, v GETTY PETROLEUM CORP. et al., Respondents. (Action No. 3.) [599 NYS2d 829] —In three consolidated actions whereby (1) Getty Petroleum Corp. seeks, inter alia, to recover damages for breach of a lease, (2) Famous American Bakery & Dairy Stores and Esdey's Food Express Shops, Inc., seek to recover damages for fraud from Getty Petroleum Corp., and (3) Vincent DeIorio seeks to recover legal fees from Getty Petroleum Corp. and Leemilt's Petroleum, Inc., (1) Patrick DeIorio, Esdey's Food Express Shops, Inc., Famous American Bakery & Dairy Stores and Vincent DeIorio appeal from an order of the Supreme Court, Nassau County (Roberto, J.), dated January 10, 1991, which granted the motion of Getty Petroleum Corp. for partial summary judgment dismissing all of the counterclaims in Action No. 1, the first, second, third, fifth, and sixth causes of action in Action No. 2, and the complaint in Action No. 3, (2) Famous American Bakery & Dairy Shops and Esdey's Food Express Shops, Inc., appeal from an order of the same court (Roberto, J.), dated July 1, 1991, which dismissed the fourth remaining cause of action in Action No. 2, and (3) Patrick DeIorio and Esdey's Food Express Shops, Inc., appeal from an order of the same court (McCaffrey, J.), entered April 10, 1992, which, inter alia, awarded attorneys' fees to Getty Petroleum Corp. in the sum of $34,822.

Ordered that the orders are affirmed, with one bill of costs.

The Supreme Court did not err in dismissing Action No. 2. The plaintiffs in that action acknowledge that they executed general releases in favor of Getty Petroleum Corp. (hereinafter Getty) and entered into a lease and a contractor agreement with Getty, but claim that they did so upon the representation that Getty would convert their gasoline stations into self-service operations, which Getty failed to do. The complaint in Action No. 2, however, does not allege that Getty's representations were false when made (see, Brown v Lockwood, 76 AD2d 721; Mechanical Plastics Corp. v Rawlplug Co., 119 AD2d 641; Lanzi v Brooks, 54 AD2d 1057, affd 43 NY2d 778, remittitur amended 43 NY2d 947). Any inference drawn from the fact that the alleged promise was not fulfilled is insufficient to sustain the plaintiffs' burden of establishing that Getty falsely stated its intention (see, Liberty Moving & Stor. Co. v Bay Shore Moving & Stor., 152 AD2d 682). Further, the plaintiffs failed to establish that they were justified in relying on the alleged representations. Notably, they were represented by counsel, but the alleged promise was not put in writing as part of the agreements (see, Liberty Moving & Stor. Co. v Bay Shore Moving & Stor., supra).

Nor do we find that the Supreme Court erred in ruling that the parol evidence rule barred judicial inquiry as to whether the plaintiffs in Action No. 2 were fraudulently induced into signing the agreements. Although a general merger clause is generally insufficient to exclude parol evidence to show fraud in the inducement (see, Sabo v Delman, 3 NY2d 155), the parol evidence rule will apply here, where the parties include a disclaimer as to specific representations (see, Danann Realty Corp. v Harris, 5 NY2d 317; Rodas v Manitaras, 159 AD2d 341). Here, the merger clauses contained in the agreements clearly provided that Getty did not, in any way, represent or warrant the fitness of the premises for the use contemplated by the lessee and it was the lessee's obligation to make the premises fit at its sole cost and expense.

For similar reasons, we find that the Supreme Court did not err in dismissing the counterclaims in Action No. 1. These counterclaims were identical to the causes of action asserted by the plaintiffs in Action No. 2 and are equally without merit.

Nor did the Supreme Court err in dismissing Vincent DeIorio's action to recover legal fees from Getty. Vincent DeIorio presented no evidence of any contractual relationship, express or implied, to perform legal services for Getty (see, Medwin v Galib, 145 AD2d 702; 6 NY Jur 2d, Attorneys at Law, § 49).

Further, all work performed by Vincent DeIorio, including that for obtaining variances, was performed on behalf of Patrick DeIorio rather than Getty *(see, Cooke v Laidlaw, Adams & Peck,* 126 AD2d 453). That Getty stood to benefit from the work performed by Vincent DeIorio is insufficient to create an attorney-client relationship *(see, Builders Affiliates v North Riv. Ins. Co.,* 91 AD2d 360; *Medwin v Galib,* 145 AD2d 702, *supra).*

Moreover, the Supreme Court properly awarded Getty legal fees in connection with its action to recover moneys due both under the lease and the contractor agreement *(cf., Hooper Assocs. v AGS Computers,* 74 NY2d 487). It is undisputed that the agreements between Getty and the appellants contained provisions requiring them to indemnify Getty for attorneys' fees. Although the contractor agreement does not contain a specific provision for attorneys' fees, the lease provides that any default under that agreement would also be a default under the lease *(see, Rudman v Cowles Communications,* 30 NY2d 1).

The Supreme Court also properly awarded Getty legal fees in defending Action No. 2. The wording of the attorneys' fees provision contained in the lease is broad. It provides for the recovery of attorneys' fees in "enforcing any of the remedies described above *or in defending any claim brought against [Lessor] by Lessee against which [Lessor] successfully defends"* *(cf., Hooper Assocs. v AGS Computers,* 74 NY2d 487, *supra).*

Finally, the award of $34,822 in legal fees was not excessive *(see, Matter of Levy,* 111 AD2d 849; *Matter of Ury,* 108 AD2d 816). Rosenblatt, J. P., Miller, Pizzuto and Joy, JJ., concur.