OPINION OF THE COURT
Richard A. Goldberg, J.
Plaintiff, visiting defendants’ daughter in defendants’ home on July 27, 1988, claims he was injured when he tripped over defendants’ dog, lost his balance and fell into a glass window in a storm door. The glass shattered, cutting plaintiffs left arm, severing a nerve and lacerating an artery. Plaintiff brought an action based on negligence and strict products liability against the homeowner defendants. He alleged that defendants should have had safety glass installed in the door or had bars installed across the glass and that their failure to do so created a hazardous condition. Plaintiff relies, in part, on General Business Law § 389-o which reads as follows: "It shall be unlawful within the State of New York to knowingly sell, fabricate, assemble, glaze, install, consent or cause to be installed glazing materials other than safety glazing materials in or for use in any 'hazardous locations’ ”. The effective date of the statute was July 1, 1973.
The term "hazardous locations” in defined in General Business Law § 389-m (2) as including storm doors.
Defendants moved for summary judgment averring that they moved into their one-family home prior to the enactment of the above-mentioned statute, that the storm door and window were in place when they bought the home and that the glass in that door had not been changed by the defendants prior to this occurrence.
Defendant also disputes plaintiffs version of the incident contending that plaintiff punched the glass storm door in a fit of anger in a dispute with defendants’ daughter. However, for purposes of the motion the court must accept plaintiff’s version of the incident as being most favorable to plaintiff. (CPLR 3212; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:16, at 324; Weiss v Garfield, 21 AD2d 156.)
On the return date of the defendants’ motion plaintiff stipulated "that the sole basis for plaintiffs cause of action is the claim that the defendants failed to have safety glass installed in the door.” It was also stipulated that the location *168 is a single-family dwelling constructed and purchased prior to 1971 and that defendant purchased the home with the door already installed. An examination before trial of the defendant indicated that the storm door and window were in place when defendants purchased the home and that neither the door nor the window had ever been replaced up to the time of the alleged accident. Defendants’ factual assertions are not controverted by plaintiff.
It is clear from the wording of the statute and applicable case law that the statute was not to be applied retroactively. Accordingly, inasmuch as defendants had not violated General Business Law § 389-o, its provisions are not relevant to a determination of the issues herein. (Trimarco v Klein, 56 NY2d 98, 108.)
Absent the violation of some statutory rule, plaintiff’s claim has substance only if he can show that defendants violated some accepted community standard which was the proximate cause of plaintiff’s injuries (Trimarco v Klein, supra; French v Ehrenfeld, 180 AD2d 895). For example, in the Trimarco case (supra), Vincent Trimarco was a tenant in a multiple dwelling when he was injured by falling through a glass shower door in his apartment. Trimarco offered expert testimony that, by 1976 plain glass was not being used in apartment building shower door enclosures and that the door he fell through did not conform to accepted safety standards. Trimarco demonstrated that safety and consumer agencies had been disseminating warnings of the danger of plain glass in "hazardous locations”. The defendant landlord admitted that it was customary, since 1965, for landlords who had occasion to install shower glass, to use plastic or safety glass. Based on such proof, the Court of Appeals held that plaintiff Trimarco had a viable cause of action despite the fact that the shower door had been installed prior to the effective date of the statute.
In the instant case the defendants are the owners/occupiers of a 50-year-old one-family private dwelling, not a multiple dwelling as in Trimarco. Defendants have never replaced the 2 foot by 2 foot plain glass window after purchasing the home in 1971. There is no evidence that defendants were aware of the composition of the window or that it posed any danger. There is no evidence to indicate that the glass was cracked or defective, or in any other way hazardous, in all the years prior to plaintiff’s injury. The mere fact that the glass shattered when struck, causing injury, does not give rise to a showing of negligence on the part of the defendants in maintaining the *169 door. (Cf., Appleby v Webb, 186 AD2d 1078; Blake v Gardino, 35 AD2d 1022, affd 29 NY2d 876.) In any event, plaintiff, by stipulation, has limited his cause of action to the claim that defendants failed to have safety glass installed in the door.
A motion for summary judgment must be supported by affidavit by one knowledgeable of the facts, showing there is no defense to the motion (CPLR 3212 [b]). When the movant’s papers make out a prima facie basis for a grant of the motion, the opposing party must "come forward and lay bare his proofs of evidentiary facts showing that there is a bona fide issue requiring a trial * * * The plaintiff cannot defeat this motion by general conclusory allegations which contain no specific factual references.” (Hanson v Ontario Milk Prods. Coop., 58 Misc 2d 138 [1968]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:16, at 324.)
Applying these principles to the case at bar compels the granting of defendants’ motion for summary judgment. Once defendants made a prima facie showing, as they have in this case, that the statute requiring "safety” glass to be installed in storm doors was not violated and was not applicable, it became incumbent upon the plaintiff to demonstrate that it has a viable claim in order to defeat the motion for summary judgment. At that point, the burden shifted to plaintiff to lay bare his proofs to show either statutory noncompliance or that there was some nonstatutory basis for his claim against defendants. The bald assertion by plaintiffs attorney in his affirmation that he will prove the negligence of the defendants by testimony "at the time of trial” that "the maintenance of plain glass in the door of defendants’ premises violated the custom and usage of installing shatterproof glass” is insufficient to defeat defendants’ motion. (See, South Bay Ctr. v Butler, Herrick & Marshall, 43 Misc 2d 269.) Proof is required, by way of affidavit from an expert for example, that custom and usage did impose such a burden on private homeowners at the time of this incident. (Murphy v City of Elmira, 84 NY2d 969; Trimarco v Klein, supra; Yaroschak v Suffern Window Cleaning Co., 174 AD2d 887.) Plaintiff has failed to present any proof to support such a novel proposition. Surely defendant movants have no obligation in the first instance to "prove a negative”, i.e., that such a custom and usage did not exist. Rather, once defendant movants have made a prima facie showing of entitlement to summary judgment the burden shifted to the plaintiff to demonstrate that such a custom and *170 usage did exist. (Piccolo v De Carlo, 90 AD2d 609; Zolin v Roslyn Synagogue, 154 AD2d 369; Schaefer v Marchiano, 193 AD2d 664; Simms v North Shore Univ. Hosp., 192 AD2d 700; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851.)
While summary judgment is granted infrequently in negligence actions, the remedy should be granted without hesitation where there is no merit to the cause of action. Plaintiff was required to come forward with evidentiary data indicating a legally responsible link between defendants and the injuries sustained. Surmise, suspicion or speculation not founded on evidentiary facts should not bar relief to defendants. (Blake v Gardino, supra.)
Since plaintiff has failed to offer any proof that defendants violated any community standards to private homeowners with respect to replacement of old glass windows in their home or that such a standard even existed, defendants are entitled to summary judgment dismissing plaintiff’s complaint.