■ In the Matter of the Arbitration between EMPIRE INSURANCE COMPANY, Appellant, and KERRYN MORTIMER, Respondent. [627 NYS2d 551] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered November 21, 1994, which denied petitioner's application to stay an underinsured motorist arbitration demanded by respondent, unanimously affirmed, with costs.

There is no merit to petitioner's argument that the offending vehicle was not underinsured, the reduction in coverage clause upon which it relies being so "misleading and ambiguous" as to be unenforceable *(Matter of United Community Ins. Co. v Mucatel,* 127 Misc 2d 1045, 1046, *affd* 119 AD2d 1017, *affd* 69 NY2d 777). Petitioner's arguments based on the terms of the third-party motorist's insurance have not been consid-

ered because they are improperly raised for the first time on appeal *(City of New York v Stack,* 178 AD2d 355, *lv denied* 80 NY2d 753) and its argument concerning the extent of coverage should be addressed to the arbitrator. We have considered petitioner's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Ellerin, Kupferman, Ross and Mazzarelli, JJ.