■ 440 East 62nd St. Owners Corp., Appellant-Respondent, v 440 East 62nd Street Associates, L.P., et al., Respondents-Appellants. [629 NYS2d 44] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about July 7, 1994, which denied plaintiff's motion for a preliminary injunction enjoining defendants from, *inter alia*, placing any persons in occupancy in any of the various cooperative apartments corresponding to shares owned by defendant Associates, and denied defendants' cross motion to dismiss the complaint, unanimously affirmed, without costs.

The material documents are ambiguous whether defendant Associates was intended to be a purchaser of unsold shares, an ambiguity that is not resolved by the extrinsic evidence offered by the parties, and, upon a review of the merits and relative equities, we decline to disturb the IAS Court's exercise of discretion in denying plaintiff a preliminary injunction in respect thereto (*see, After Six v 201 E. 66th St. Assocs.*, 87 AD2d 153, 155, *appeal dismissed* 57 NY2d 835).

Defendant Brumer, who did not separately appear or make a motion before the IAS Court, purports to cross appeal from the denial of the motion to dismiss the action as against him, which

sounds in breach of fiduciary duty. This fact-based argument might have been countered had it been made before the IAS Court, and should not therefore be considered for the first time on appeal (*City of New York v Stack*, 178 AD2d 355, *lv denied* 80 NY2d 753). Similarly, plaintiff's argument that it is entitled to dispositive relief because defendant Associates is not a natural person is made not only for the first time on appeal, but indeed, for the first time in plaintiff's reply brief (*see, State Farm Fire & Cas. Co. v LiMauro*, 103 AD2d 514, 521-522, *affd* 65 NY2d 369), and, in any event, is without merit. Concur—Sullivan, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.