■ FALCONWOOD CORPORATION et al., Appellants-Respondents, v IN-TOUCH TECHNOLOGIES, LTD., et al., Respondents-Appellants, et al., Defendant. [642 NYS2d 869] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered October 10, 1995, which granted plaintiffs' motion for summary judgment to the extent of dismissing defendants' counterclaims for tortious interference with actual and prospective contractual relations and defamation, unanimously modified on the law, also to dismiss the counterclaims for breach of a joint venture agreement and misappropriation of trade secrets, and otherwise affirmed, without costs.

Defendants fail to come forward with evidence sufficient to support their claim of a joint venture between plaintiff Falconwood and defendant In-Touch. There is no evidence indicating that the two were to share in profits, losses, or even revenues (*see, Natuzzi v Rabady*, 177 AD2d 620, 622), and while Falconwood acquired a large percentage of In-Touch's capital stock, the transfer was nominal, conferred no economic rights, and it

does not otherwise appear that plaintiff exercised control over In-Touch. We find that the relationship between the parties was one of debtor and creditor that created no fiduciary obligations (*see, Chimento Co. v Banco Popular*, 208 AD2d 385, 386). The counterclaim for misappropriation of trade secrets should have been dismissed in the absence of any evidence that plaintiffs copied or used In-Touch's software in order to prepare their own software for MovieFone (*see, Hudson Hotels Corp. v Choice Hotels Intl.*, 995 F2d 1173, 1176). Plaintiffs' access to In-Touch's software is certainly not proof that they misappropriated it. In all other respects, we affirm. The counterclaims for tortious interference were properly dismissed in the absence of any evidence that plaintiffs' conduct influenced United Artists' decision to cease its dealings with defendants. Concur—Sullivan, J. P., Ellerin, Wallach, Williams and Mazzarelli, JJ.