Brooks v Lang Yang (2023 NY Slip Op 02610)

Brooks v Lang Yang

2023 NY Slip Op 02610

Decided on May 16, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 16, 2023

Before: Kern, J.P., Friedman, Gesmer, Rodriguez, JJ. 

Index No. 805926/21E Appeal No. 242 Case No. 2022-02865 

[*1]Reynell Brooks, Plaintiff,
v
Lang Yang, Defendant, Uber Technologies, Inc., et al. Defendants-Appellants.

Perkins Coie LLP, New York (Jacob Taber of counsel), and Perkins Coie, LLP, Washington, DC, (Michael R. Huston, of the bar of District of Columbia, admitted pro hac vice, of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for respondent.

Order, Supreme Court, Bronx County (Bianka Perez, J.), entered January 27, 2022, which denied the motion of defendants Uber Technologies, Inc., Uber USA, LLC, and Rasier-NY, LLC (collectively, Uber) to, inter alia, compel arbitration and stay the proceedings before Supreme Court, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded to Supreme Court for proceedings consistent with this opinion.
Uber sustained its burden of demonstrating that the parties had an explicit and unequivocal agreement to arbitrate. The unrebutted evidence reflected that prior to commencement of the instant action, plaintiff had agreed to be bound by the arbitration agreement when he affirmatively indicated and confirmed, by taking two separate actions, that he had reviewed and agreed to Uber's updated terms of use, which were overtly hyperlinked as part of the pop-up screen and sufficient to form a binding contract (Starke v SquareTrade, Inc., 913 F3d 279, 289 [2d Cir 2019]).
Moreover, plaintiff was on inquiry notice of the updated Terms of Use that required any disputes between the parties to be resolved by arbitration. Although a clickwrap agreement's terms and conditions must be clear and conspicuous, they need not all be simultaneously and immediately visible; the terms may be binding and enforceable even if they are only accessible through a hyperlink (Meyer v Uber Tech., Inc., 868 F3d 66, 75—78 [2d Cir 2017] ["That the Terms of Service were available only by hyperlink [did] not preclude a determination of reasonable notice" because "a reasonably prudent [ ] user knows that text that is highlighted in blue and underlined is hyperlinked to another webpage where additional information will be found"]). The keys to enforceability are a reasonable indication of the existence of the additional terms and the user's being required to manifest assent to them (see e.g. Feldman v Google, Inc., 513 F Supp 2d 229, 237 [ED Pa 2007]).
Here, plaintiff entered a valid, binding clickwrap agreement. The terms were "reasonably conspicuous," and plaintiff was required to affirmatively agree to them. Moreover, parties "may delegate threshold arbitrability questions to the arbitrator, so long as the parties' agreement does so by 'clear and unmistakable' evidence" (Revis v Schwartz, 192 AD3d 127, 134-135 [2d Dept 2020], affd 38 NY3d 939 [2022], quoting Henry Schein, Inc. v Archer & White Sales, Inc. 139 SCt 524, 530 [2019] see also Newton v LVMH Moet Hennessy Louis Vuitton Inc., 192 AD3d 540, 541-542 [1st Dept 2021]). The terms of the agreement make clear that plaintiff agreed to delegate the determination of whether his claim is subject to arbitration, including whether it covers plaintiff's claim at all, to the arbitrator.
Plaintiff's unconscionability claim is raised for the first time on appeal, and we decline to consider it (City of New York v Stack, 178 AD2d 355 [1st Dept 1991]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME [*2]COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 16, 2023