## McGraw Hill LLC v SoapBox Labs Ltd.

2024 NY Slip Op 33810(U)

October 24, 2024

Supreme Court, New York County

Docket Number: Index No. 652495/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. LYLE E. FRANK**

*Justice*

| | |
|---|---|
| PART | 11M |

---------------------------------------------------------------------------X

MCGRAW HILL LLC,

Plaintiff,

- v -

SOAPBOX LABS LIMITED, CURRICULUM ASSOCIATES, LLC

Defendant.

---------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 652495/2024 |
| MOTION DATE | 07/15/2024 |
| MOTION SEQ. NO. | 001 |

**AMENDED DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17

were read on this motion to/for _____DISMISS_____.

Upon the foregoing documents, defendants' motion to dismiss is denied in part and granted in part.

## Relevant Facts and Issues

Plaintiff McGraw Hill LLC ("McGraw Hill") is a long-standing global educational company that hired an Irish company, defendant SoapBox Labs Limited ("SoapBox"), to provide voice recognition technology in support of McGraw Hill's reading products. Starting in 2020, McGraw Hill and SoapBox had a series of written agreements regarding the services Soapbox would provide. Two are key to this case: an initial agreement signed on December 23, 2020 (the "2020 Agreement"), which expired and was replaced on December 23, 2022, with the agreement at issue here (the "2022 Agreement"). In the 2020 Agreement, relevant language stated that "an assignment to a competitor of the **non-assigning** Party […] shall require consent from the non-assigning Party" (emphasis added). In November 2023, SoapBox was acquired by one of

**652495/2024  MCGRAW HILL LLC vs. SOAPBOX LABS LIMITED ET AL**
**Motion No.  001**

**Page 1 of 9**

McGraw Hill's competitors, defendant Curriculum Associates LLC ("Curriculum Associates", jointly with SoapBox "Defendants").

McGraw Hill argues in its complaint that this acquisition was in violation of the agreement with SoapBox, who for their part maintains that the agreement on its face does not bar the Curriculum Associates acquisition. As written, the relevant language in the 2022 Agreement states that it "may not be assigned or transferred by either Party without the prior written consent of the other Party; for the purposes of this Section, an 'assignment' shall not include a merger, sale of all or substantially all of a Party's assets to which this Agreement applies, consolidation, or change of control [ . . . ] other than to a competitor of the assigning Party." McGraw Hill contends that this is a scrivener's error and was actually meant to prohibit assignment to competitors without the permission of the *non*-assigning party. McGraw Hill also claims that the Defendants engaged in misappropriation of trade secrets and unfair competition.

Defendants bring the present motion to partially dismiss the First cause of action (breach of contract against SoapBox)[1] and to dismiss in the entirety the Second, Third, and Fifth causes of action (tortious interference against Curriculum Associates, misappropriation of trade secrets and unfair competition against Defendants, and a claim for reformation of contract with SoapBox). McGraw Hill opposes. For the reasons set forth below, the motion to dismiss is granted as to the Third cause of action but is denied as to the others.

**Standard of Review on a Motion to Dismiss**

Defendants argue that the claims relating to the alleged scrivener's error and breach of contract should be dismissed on the basis of documentary evidence. CPLR § 3211(a)(1) allows for a complaint to be dismissed if there is a "defense founded upon documentary evidence."

---

[1] Part of the breach of contract claim against Soapbox involves allegations of failing to deliver the services required by contract. This is the part of the first cause of action that is not the subject of the present motion to dismiss.

**652495/2024   MCGRAW HILL LLC vs. SOAPBOX LABS LIMITED ET AL**                                      **Page 2 of 9**
**Motion No.  001**

2 of 9

Dismissal is only warranted under this provision if "the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law." *Leon v. Martinez,* 84 N.Y.2d 83, 88 (1994). Such evidence must "utterly refute plaintiff's factual allegations." *Goshen v. Mut. Life Ins. Co.*, 98 N.Y.2d 314, 326 (2002).

Defendants argue that the claims relating to trade secrets and unfair competition should be dismissed for failure to state a claim. A party may move for a judgment from the court dismissing causes of action asserted against them based on the fact that the pleading fails to state a cause of action. CPLR § 3211(a)(7). For motions to dismiss under this provision, "[i]nitially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law." *Guggenheimer v. Ginzburg*, 43 N.Y. 2d 268, 275 (1977).

It is well settled that when considering a motion to dismiss pursuant to CPLR § 3211, "the pleading is to be liberally construed, accepting all the facts alleged in the pleading to be true and according the plaintiff the benefit of every possible inference." *Avgush v. Town of Yorktown*, 303 A.D.2d 340 (2d Dept. 2003). Dismissal of the complaint is warranted "if the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery." *Connaughton v. Chipotle Mexican Grill, Inc*, 29 N.Y.3d 137, 142 (2017).

**McGraw Hill's Scrivener's Error Claims are Not Utterly Refuted by Documentary Evidence nor Has McGraw Hill Failed to Sufficiently Plead a Claim, Therefore Dismissal is Improper at This Stage**

The first issue to be addressed in this motion to dismiss is whether or not the assignment language in the 2022 Agreement was a scrivener's error, when accepting all facts alleged in the

pleading to be true and according McGraw Hill the benefit of every possible inference. SoapBox argues that the documentary evidence showing that McGraw Hill's own employees drafted the 2022 Agreement satisfies the CPLR § 3211(a)(1) standard. McGraw Hill does not dispute that their employees drafted the agreement, rather they contend that their employees erred in drafting the agreement and that, as drafted, it did not reflect the intended agreement between the parties. McGraw Hill is correct in contending that a contract with an alleged scrivener's error cannot in and of itself constitute documentary evidence that utterly refutes a claim of scrivener's error under CPLR § 3211(a)(1). Such an argument would logically make any case of scrivener's error void and is something of an ouroboros. None of the documents submitted by Defendants that show McGraw Hill's employees drafted the relevant portions of the agreement go in any way to show anyone's intent regarding the assignment language, simply that the agreement was drafted by McGraw Hill. Therefore, it would be premature to dismiss the portions of McGraw Hill's complaint relating to the alleged scrivener's error under CPLR § 3211(a)(1).

Defendants have also moved to dismiss on the grounds that the complaint fails to adequately plead a claim based on an alleged scrivener's error. A scrivener's error or a mutual mistake is applied when "unknown to either party, their signed writing does not accurately express an earlier agreement that they intended the writing to memorialize." 28 N.Y. Prac., Contract Law § 6:9.

Generally, there is a "heavy presumption that a deliberately prepared and executed written instrument manifested the true intention of the parties." *George Backer Management Corp. v. Acme Quilting Co.*, 46 N.Y.2d 211, 219 (1978). When seeking to reform a written agreement on the basis of a scrivener's error, "it must be shown that the parties came to an understanding, but in reducing it to writing, through mutual mistake [...] omitted some provision

**652495/2024   MCGRAW HILL LLC vs. SOAPBOX LABS LIMITED ET AL**       **Page 4 of 9**
**Motion No.  001**

4 of 9

[* 4]

agreed upon, or inserted one not agreed upon." *William P. Pahl Equip. Corp. v. Kassis*, 182 A.D.2d 22, 29 (1st Dept. 1992). At the motion to dismiss stage, even if it is "unascertainable whether plaintiffs can meet the stringent requirements of reformation", a claim based on scrivener's error should not be dismissed if (with every possible favorable inference) a cause of action exists. *Warberg Opportunistic Trading Fund, L.P. v. GeoResources, Inc.* 112 A.D.3d 78, 86 (1st Dept. 2013).

Here, it would be premature to dismiss portions of the complaint on the grounds that it fails to state a claim based on scrivener's error. McGraw Hill alleges facts that they and SoapBox had an agreement in 2020 that would require approval from the non-assigning party before attempting to assign to a competitor of the non-assigning party, that the 2022 Agreement was meant to continue the same basic understanding, that their employees erred in dealing the several double negatives in the relevant provision, and that the true agreement was meant to follow industry custom and course of dealing in this matter. It is certainly reasonable to infer that an agreement was meant to require a party to get approval from the other party before selling to that other party's competitor. It is certainly reasonable to infer that an employee then instead made a small error that inadvertently completely changed the meaning of the assignment clause. While this Court is sensitive to the importance of the freedom to contract, McGraw Hill has sufficiently pled facts that under favorable inferences allege a valid claim of scrivener's error, and dismissal of that claim at this stage would be premature. It therefore follows that to the extent the contested causes of action rely on an alleged scrivener's error, dismissal should be denied.

**McGraw Hill's Misappropriation of Trade Secrets Claim Fails to Plead Use of Trade Secrets and Therefore Dismissal is Proper**

**652495/2024   MCGRAW HILL LLC vs. SOAPBOX LABS LIMITED ET AL**
**Motion No.  001**

**Page 5 of 9**

5 of 9

Defendants also move to dismiss the Third cause of action on the grounds that McGraw Hill has failed to plead a claim for misappropriation of trade secrets. Specifically, Defendants contend that McGraw Hill has "not adequately pleaded its supposed trade secrets" and that this puts Defendants in a position where they are unable to respond to the trade secret and unfair competition cause of action. In order to prevail on a misappropriation of trade secrets claim, "a plaintiff must demonstrate: (1) that it possessed a trade secret, and (2) that the defendants used that trade secret in breach of an agreement, confidential relationship or duty, or as a result of discovery by improper means." *Schroeder v. Pinterest Inc.*, 133 A.D.3d 12, 27 (1st Dept. 2015). The Court of Appeals has adopted the Restatement of Torts' definition of a trade secret as including "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Ashland Management v. Janien*, 82 N.Y.2d 395, 407 (1993). To have stated a claim, McGraw Hill must have pled facts sufficient to allege that they possessed information that consisted of a trade secret, and that the Defendants used that secret information either in breach of an agreement or by a discovery by improper means.

The information or ideas that constitute an alleged trade secret must, at this stage, be pled with specificity. *Schroeder v. Cohen*, 169 A.D.3d 412, 413 (1st Dept. 2019). A trade secret includes "any compilation of information which provides the company with an opportunity to obtain an advantage over competitors who do not know or use it." *Photonics Indus. Intl., Inc. v. Xiajie Zhao*, 185 A.D.3d 1064, 1067 (1st Dept. 2020). Foundational to a claim of misappropriation of trade secrets is that the information is, unsurprisingly, secret – and there must be allegations that the plaintiff "employed measures to keep [the information] confidential,

**652495/2024   MCGRAW HILL LLC vs. SOAPBOX LABS LIMITED ET AL**          **Page 6 of 9**
**Motion No.  001**

6 of 9

or that this information was not generally known outside of its business." *Tri-Star Light. Corp. v. Goldstein*, 151 A.D.3d 1102, 1106 (2nd Dept. 2017).

Here, McGraw Hill alleges that the trade secrets and confidential information at issue included "efforts to integrate SoapBox Labs voice recognition technology into its reading assessment product" and "confidential and sensitive competitive business information […] regarding McGraw Hill's strategy, customer base, and reading assessment tools." They also refer to confidential information constituting "research, development, business activities, technology, and other sensitive matters." McGraw Hill made a public statement about the "innovative efforts pursued jointly with SoapBox Labs" but added a confidentiality clause in their agreements with SoapBox. Furthermore, McGraw Hill alleges that they gave SoapBox "substantial assistance over the course of years, including in the form of working sessions with McGraw Hill's experts, access to confidential trade secrets regarding McGraw Hill's existing reading assessment products, and insight into McGraw Hill's business development plans for the integration of speech recognition and evaluation in its future products."

Much of what McGraw Hill alleges as trade secrets is conclusory, but with the benefit of every possible favorable inference they have managed to sufficiently plead the existence of trade secrets that would give rise to a misappropriation claim. Specifically, the integration of voice technology with reading assessment products, both currently with SoapBox and their plans for future work in that area. Such information would be novel and not largely available in the industry, given the pleading of a special trade announcement of the "innovative" approach. Furthermore, the existence of a confidentiality clause in the 2022 Agreement provides further inference that SoapBox had access to trade secrets.

**652495/2024   MCGRAW HILL LLC vs. SOAPBOX LABS LIMITED ET AL**                                    **Page 7 of 9**
**Motion No.  001**

[* 7]                                                          7 of 9

The issue then becomes whether McGraw Hill adequately pled the second element of a misappropriation of trade secrets claim, that Defendants used said confidential information. For this, McGraw Hill alleges that the acquisition of SoapBox by Curriculum Associates "improperly made available McGraw Hill's trade secrets." They also allege that Curriculum Associates "gained access to confidential and competitive information and materials that McGraw Hill had shared with SoapBox Labs and caused competitive harm to McGraw Hill." Mere access to trade secrets following a transfer is not enough on its own to support a claim of misappropriation. *Falconwood Corp v. In-Touch Techs.*, 227 A.D.2d 215, 216 (1st Dept. 1996). When a complaint does not allege that use was made of confidential information, it fails to state a claim. *KIND Operations Inc. v. AUA Private Equity Partners, LLC*, 195 A.D.3d 446, 447 (1st Dept. 2021). Because here McGraw Hill fails to allege that Curriculum Associates used the trade secrets the acquisition of SoapBox opened access to, it fails to state a claim and therefore dismissal of the claim is proper. Because the unfair competition claim is entwined with the misappropriation of trade secrets and is pled together with the misappropriation of trade secrets claim, the entirety of the Third Cause of Action fails to state a claim. Accordingly, it is hereby

ADJUDGED that the motion to dismiss is denied as to the First, Second, and Fifth causes of action of the complaint;

ORDERED that the motion to dismiss is granted in part and the Third cause of action of the complaint is dismissed; and it is further

ORDERED that defendant is directed to serve an answer to the complaint within 20 days after service of a copy of this order with notice of entry.

20241024165317LFRANK2B8FD2D9FE8A4623959F9CC3BB859E44

_____
**10/24/2024**
**DATE**

_____
**LYLE E. FRANK, J.S.C.**

**652495/2024   MCGRAW HILL LLC vs. SOAPBOX LABS LIMITED ET AL**
**Motion No.  001**

Page 8 of 9

8 of 9